UNITED STATES, Appellant

v.

EDWARD A. CARTER, Corporal, U. S. Marine Corps, Appellee

1 USCMA 108, 2 CMR 14

No. 159

Decided January 18, 1952

MAJ. Charles H. LeClaire, USMC, for Appellant.
CDR. Malcolm J. Bradbury, USN, Amicus Curiae.
LT. Fredric T. Suss, USNR, for Appellee.

GEORGE W. LATIMER, Judge:

The Judge Advocate General of the Navy, pursuant to Article 67 (b) (2), Uniform Code of Military Justice, 50 USC § 654, certified this case to us to review the legality of the sentence imposed upon the accused by a special court-martial.

The facts bringing about this controversy are these: The accused pleaded guilty to a charge alleging absence without leave from his organization for a period of five days. After an appropriate finding of guilty had been voted, the president announced that the court would hear the personal data concerning the accused shown on the charge sheet and 'would receive evidence of previous convictions, if any. The trial counsel then read the first page of the charge sheet, which showed such information as date of birth, base pay, allowances, contributions, date of term of current service and prior service. The accused was asked if the data as submitted were correct and he answered in the affirmative. The trial counsel then stated:

"I have evidence of two previous convictions committed during the current enlistment and within three years next preceding the commission of an offense of which the accused has been convicted at this trial, to submit as follows:—"

Then followed a statement by him which recited in detail the date and nature of the previous charges, the composition of the courts hearing the offenses, the sentences and the actions of the convening authority and the immediate superior in command for both previous convictions. Trial counsel then asked if the accused had any objections to the evidence of previous convictions, and his counsel answered "No." Neither the original service record, a certified copy thereof, nor any other document was offered in evidence, and no further action was taken to prove the convictions. The court, in imposing sentence, acted on the oral statement of trial counsel, considered the statement made as proof of the convictions, and

rendered a sentence which, unless the evidence could properly be considered, was in excess of the maximum permitted by the Manual for Courts-Martial, United States, 1951 (which will hereinafter be referred to as the Manual).

The board of review in the office of The Judge Advocate General of the Navy affirmed the finding of guilty and the sentence on the ground that, since neither the accused nor his counsel objected to the procedure or the truth of the statement, the error did not substantially prejudice the rights of the accused. We assume from this that the board of review concluded that there was sufficient evidence before the court-martial to sustain the sentence, or that the accused had waived his right to question the competency of the statement, and therefore, the prejudice from lack of evidence could not be asserted. We conclude the board of review erred in its decision and in presenting our reasons for so holding we marshal them in under three principal divisions: namely, failure to prove the convictions; waiver or stipulation; and prejudice.

Paragraph 127c, page 228, of the Manual provides as follows:

"If an accused is found guilty of an offense or offenses for none of which dishonorable or bad conduct discharge is authorized, *proof* of two or more previous convictions will authorize bad conduct discharge and forfeiture of all pay and allowances and, if the confinement otherwise authorized is less than three months, confinement at hard labor for three months." (Emphasis supplied)

This is the provision in the Manual which authorized the special court-martial to increase the severity of punishment and impose a bad conduct discharge, but it should be noted that the authority is predicated upon the proof of two or more previous convictions. The word "proof" in the context used means to us competent and

legal evidence establishing the facts in issue.

We shall, by mentioning well-known methods of proving issues, establish why this record does not show the prior convictions by legal and competent evidence. Service records are hearsay evidence, but are ■ admissible as an exception to the hearsay rule because they meet the official document test. Likewise, extract copies from service records are admissible as an exception to the rule. See United States v. Masusock, (No. 15), 1 USCMA 32, 1 CMR 32. Also, orders publishing the results of trial are authorized by the Manual as an acceptable means. Although any of these documents can be used to establish the convictions and should have been available to trial counsel, none were offered. How- ■ ever, had they been tendered they could not have been admitted unless it was shown they were executed in substantial compliance with the Manual or with applicable rules and regulations. A fortiori, testimony of the contents by a sworn witness could not be admitted without the same showing.

Paragraph 143a of the Manual, dealing with the procedure of proving the contents of a writing, states the general rule as follows:

"A writing is the best evidence of its own contents, and the original thereof must be introduced to prove its contents. When this rule, known as the best evidence rule, applies, the proper method of proving the contents of a writing is to present evidence authenticating (143b) the original of the document and then to introduce the original in evidence. However, a carbon copy of a document, as complete as the ribbon copy in all essential respects, including relevant signatures, if any, or an identical copy made by photographic (see 144e) or other duplicating process, is considered to be a duplicate original and to be admissible equally with the original. An objection to the introduc-

tion of secondary evidence (testimony, or a copy not considered a duplicate original) as proof of the contents of a writing is waived by a failure to object, on the ground of its secondary nature, to the reception of the secondary evidence. Such a waiver, however, adds nothing to the weight to be given to, or the evidentiary nature of, the particular writing so received. Thus, if the original of a particular document would have been inadmissible even if no objection had been made to its reception in evidence (for instance, a document which is offered to prove the truth of the matters stated therein but which is not within any of the exceptions to the hearsay rule), it would be error to admit testimony relating to its contents or a copy thereof simply because no objection was made on the ground of the best evidence rule."

This section provides that secondary evidence (testimony concerning the contents of the document) may be used if no objection is made, under a theory of waiver. However, it also provides that if the original document is inadmissible, weight cannot be given to the testimony relating to its contents.

Assuming for the purposes of disposing of one argument, that we give the unsworn statement of ■ trial counsel the dignity of secondary evidence, and, further assuming that the accused waived his right to the production of the best evidence, the questions still remain unanswered as to what was the instrument from which trial counsel was reading, and was it admissible. Without this information neither the court-martial nor this Court can give any weight to the recitation made by trial counsel. There is no exhibit attached to the record for inspection and we can hardly presume that any document used by counsel meets the test of competency. At least, we are not willing to make the assumption against the accused without some evidence in the record to justify it. By making this observa-

tion we do not wish to be understood as, in any way, indicating that trial counsel was reading from a questionable document. All we intend to say is that the record is entirely barren of any evidence from which we can determine whether the instrument reaches the level of competency required by the official document exception to the hearsay rule.

While, for the purpose of presenting the argument in the preceding paragraph we have assumed ▆▆▆▆▆ that the unsworn statement was secondary evidence, such is not the law. Evidence may be presented to a court in various ways. These consist of the testimony of sworn witnesses, by stipulations, by admissions in open court, by written instruments, and perhaps by other methods. But, in so far as we have been able to ascertain, no court of record has accepted the unsworn statement of counsel as evidence, and this regardless of the foundation for the statement. Where issues can be disposed of without proof by competent evidence, the statements might be sufficient to permit a court to proceed, but this rule does not permit the statements to be substituted for evidence. There being a failure on the part of the government to prove the convictions we pass to a consideration as to whether accused has waived his right to raise the issue of insufficiency of the evidence.

The Manual carves out rules for pre-sentence procedure, and Paragraph 75b (2), in so far as applicable, provides:

"Subject to the rules as to documentary evidence, including the rules as to the use of copies, previous convictions may be proved by the order publishing the result of trial. Ordinarily, however, they are proved by the service record of the accused or an admissible copy or extract copy thereof. In the absence of objection an offense may be regarded as having been committed during the prescribed three-year period unless the contrary appears. If the defense objects, the court shall determine the issue."

In addition to the suggested methods of proving a previous conviction Appendix 8a, Trial Guide Procedure, of the Manual, outlines step by step the method to be pursued. Undoubtedly, trial counsel was attempting to follow this guide but missed one very important step set forth in the footnote. For the sake of clarity, we set up the wording of the guide as found on page 520:

"TC: I have evidence of (no) (————) previous convictions of (an) offense(s) committed [during the current enlistment (current voluntary extension) and within three years preceding the commission of an offense of which the accused has been convicted at this trial] [————] to submit (as follows: ————).

"TC: Has the accused any objection to the evidence of previous convictions read?

"DC: (No objection). (The accused objects to ————.)

"Note.—See 75b (2). The accused may object, on proper grounds and require production of proper evidence of such convictions, or the rejection of improper evidence offered. *Admissible evidence of previous convictions should be offered in evidence, marked, and admitted as an exhibit in the usual manner.*" (Italics supplied)

Counsel for the government contend that when both sentences are considered together the clear import of the wording in the note is to require the record of previous convictions to be marked as an exhibit and admitted into evidence only in the event of an objection by the accused. It is a cardinal rule of statutory ▆▆▆▆▆ construction that a section should be construed so that, if possible, all parts are given meaning and effect. If we follow this rule the footnote means ▆▆▆▆▆ that while the accused has the right to object, regardless of whether he exercised

the objection, admissible evidence should be offered and received. Assuming the trial counsel was reading from a document and the accused, at that time, raised no objection to what was being stated, because he did not wish to question the three-year period, or otherwise, there are other objections which he might have made to the document when it was later offered in evidence. The statement appearing in the record might have been read from notes made by trial counsel, from an extract copy of the service record, from a service record, or from an order publishing the result of a trial, and, as previously mentioned, any and all of these are subject to being excluded if they fail to meet the requirements necessary to bring them within the exception to the hearsay rule. Even though the accused made no objection to the statement, and by so doing waived his right to complain about what was said, this did not prevent him from objecting to subsequent proceedings. There is no showing that the accused was informed of the nature and completeness of the memorandum prior to or at the time the statement was made, nor is there a showing that he was afforded an opportunity to inspect it under such circumstances as to preclude him from making a legal objection when, and if, tendered. At least the accused is entitled to see the document from which the statement is read and to object to its subsequent admission in evidence if it fails to meet all requirements of official documents. Moreover, an accused is not only entitled to object to the competency of the document; he is also entitled to have introduced in the record certified to this Court for review some predicate from which this Court can determine the admissibility of the evidence used against him. As a matter of practice, it would appear to be more desirable to have the document marked as an exhibit, shown to the accused, its admissibility determined, and, if admitted in evidence, then permit the trial counsel to read it to the court. While this procedure alters the order of events prescribed by the guide, it would have a tendency to prevent trial counsel from forgetting to offer the exhibit, which is apt to happen after it has once been read.

Our conclusions are fortified by the wording of Paragraph 154d of the Manual which prescribes:

"The prosecution or the defense may in open court either orally or in writing waive an objection to the admissibility of offered evidence. Such a waiver adds nothing to the weight of the evidence nor to the credibility of its source. The court in its discretion may refuse to accept, and may permit the withdrawal of, any such waiver. . . . Thus, if it clearly appears that the defense or prosecution understood its right to object, any clear indication on its part that it did not desire to assert that right may be regarded as a waiver of the objection. However, a waiver of an objection does not operate as a consent if consent is required, and a mere failure to object does not amount to a waiver except as otherwise stated or indicated in this manual."

While the record shows the accused understood his right to object to the statement made by the trial counsel, it does not, and could not, show that he clearly understood he was waiving his objection to the introduction of evidence to sustain the statement, because no offer was then suggested and none has ever been made.

Under certain circumstances, an appellate court might conclude that the acts and statements of the parties during the trial amount, in law, to a stipulation. While no particular language may be necessary to establish a stipulation, it should appear in the record that the parties clearly understood they were stipulating to facts and the language in this case does not show that such was the understanding. Rather, it establishes that both counsel were fully and fairly trying to follow the procedure set forth in the Manual, and, that the answer

given by the defense counsel was the one suggested to him by the guide. There is no showing that he intended to stipulate the statement as evidence and bind his client as to the truth of the statement made. On the contrary, we are convinced the statement was made preliminary to the introduction of the document and that there still remained the right to make an appropriate objection if, upon inspection of the proposed exhibit, it appeared that it might be inadmissible in evidence. We do not believe the uncertainty arising out of a misunderstanding of the guide can be construed as a stipulation to cover the contents of the document.

The question of prejudice can be disposed of with little comment. If, as we hold, the accused ▇▇▇▇▇ neither waived his right to assign insufficiency of the evidence as error, nor stipulated that the statement made by trial counsel could be considered as evidence of the previous convictions, then it follows that the sentence exceeds the limits permitted by the Manual. That an excessive sentence is prejudicial is apparent.

Our attention has been called to several service cases which have directly or indirectly considered this question. Without reviewing them in detail, we believe the rationale expressed in the case of United States v. Arizona, (ACM S-1681), 1 CMR 725, of October 5, 1951, is more consistent with our views of military due process and trial procedure.

The question certified as to whether the sentence imposed is illegal is answered in the affirmative. The decision of the board of review is reversed and the cause is remanded to The Judge Advocate General of the Navy for action not inconsistent with the views expressed herein.

Chief Judge QUINN and Judge BROSMAN concur.