UNITED STATES, Appellant

v.

JOHN J. ZIMMERMAN, Fireman, U. S. Navy, Appellee

1 USCMA 160, 2 CMR 66

No. 261

Decided February 7, 1952

CDR. Tilden L. Brooks, USN, for Appellant.
LT. Fredric T. Suss, USN, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused, John J. Zimmerman, FN, U.S. Navy, upon trial by special court-martial, pleaded guilty to and was found guilty of unauthorized absence for a period of ten days and missing a movement of his ship, violations of the Uniform Code of Military Justice, Articles 86 and 87, 50 USCA §§ 680, 681, respectively. He was sentenced to a bad conduct discharge and confinement at hard labor for three months. Convening and supervisory authorities approved. The Navy board of review disapproved the findings and sentence because the president did not charge the court as to the elements of the offense, presumption of innocence, reasonable doubt and burden of proof; and the record did not show affirmatively (1) that the accused was present in court; (2) that the reporter was sworn; and (3) that the members of the court and the personnel of the prosecution and defense were sworn. The Judge Advocate General of the Navy has certified to this Court the correctness of the board of review's decision in accordance with Article 67, 50 USCA § 654, of the Uniform Code of Military Justice.

Paragraph 112b of the Manual for Courts-Martial, 1951, states that the record of trial must contain an entry showing that the members of the court, the reporter, and defense and prosecution personnel were sworn as required by Article 42 (a) of the Code,

**161**

50 USCA § 617. Paragraphs 112c and 53b indicate that several accused may be brought before the court solely to permit the swearing of the court personnel in their presence, and that the accuseds' separate trials may then be held without repeating the oaths; providing, of course, that the court personnel remains unchanged. This procedure was followed here. Appendix 8a of the Manual indicates the proper record form to be utilized when this is done. It is made clear there (page 505) that each trial record should contain a verbatim account of the oath proceedings up to the withdrawal of the accused who are not to be tried at that time. This record does not contain such an account. However, an entry does appear stating that the accused was present during the administration of the oaths. In the absence of a showing to the contrary, we need not and shall not assume that the personnel of the court had changed prior to this accused's trial. Thus, the error is one of form only.

The next error alleged relates to the lack of a record entry showing the presence of the accused at the trial. The Code and Manual require such presence and the recommended record form provides for an entry so stating. MCM 1951, Appendix 8a, page 501. However, it is clear that this accused was present at his trial—on several occasions he answered personally the questions directed to him. Again, the error lies solely in the failure to follow the recommended trial and record guide.

It was also noted by the board of review that the president did not instruct the court as required by Article 51 (c) of the Code, 50 USCA § 626, and paragraph 73b of the Manual. This error was considered by the Court in United States v. Lucas, (No. 7), 1 USCMA 19, 1 CMR 19, decided on November 8, 1951. The accused entered a plea of guilty here, as in Lucas, and that decision made it

clear that the failure to instruct following a plea of guilty was not substantially prejudicial.

Appellate defense counsel, admitting arguendo that, considered individually, none of the errors listed above prejudiced the accused, argues that their cumulative effect was such as to warrant a finding of prejudice. Counsel refers to several federal cases in support of this proposition. Without analyzing those decisions in detail, we note that the individual errors in each of them contained some, although slight, possibility of prejudice. Such is not the case here. The errors discussed above are formal in nature and we fail to see how, individually or collectively, they could have in any way materially harmed the accused. Since we find no substantial prejudice, we are bound by Article 59 of the Uniform Code of Military Justice, 50 USCA § 646, to hold that the errors considered by the board of review do not require disapproval of the findings and sentence.

Answering the question certified does not, however, dispose of this case. Appellate defense counsel has called to our attention another and more serious error apparent on the face of the record. After the findings of guilty, trial counsel stated that he had evidence of three previous convictions which he proceeded to read to the court. Following this, he asked the accused if there was any objection to the evidence of previous convictions as read. Defense counsel stated "no objection." No supporting document was offered or received in evidence, but attached to the record of trial is an extract from the service record of the accused showing three prior court-martial convictions.

A similar problem was before us in United States v. Carter, (No. 159), 1 USCMA 108, 2 CMR 14, decided January 18, 1952. There we held that where the trial counsel read a statement of previous convictions without offering it in evidence, there was error which, viewed in the light

of the sentence imposed, was prejudicial to the accused. The difference between Carter and the case now before us is that in the former the record of previous convictions from which the trial counsel read was not appended to the record, whereas here it is. We feel that the distinction is not vital. We stated in Carter that an unsworn statement of the trial counsel was not competent evidence of previous convictions. We have no more than that here. The government contends however, that where, as here, a record of previous convictions is attached to the record, the court may itself examine the document to see whether it meets the test of competence. Since defense counsel noted "no objection" to the trial counsel's statement, we are asked to assume that objection was waived and that the error in failing to formally introduce the document in evidence was in no way prejudicial.

The principal difficulty with the government's position is that there is nothing in the record to show that the document attached to the record is the one from which the trial counsel was reading, or that this document was ever shown to the defense. The document is not labeled as an exhibit, nor was it specifically referred to by the trial counsel. The following language in United States v. Carter, supra, is appropriate:

"Even though the accused made no objection to the statement, and by so doing waived his right to complain about what was said, this did not prevent him from objecting to subsequent proceedings. There is no showing that the accused was informed of the nature and completeness of the memorandum prior to or at the time the statement was made, nor is there a showing that he was afforded an opportunity to inspect it under such circumstances as to preclude him from making a legal objection when, and if, tendered. At least the accused is entitled to see the document from which the statement is read and to object to its subsequent admission in evidence if it fails to meet all requirements of official documents.

. . . . .

"While the record shows the accused understood his right to object to the statement made by the trial counsel, it does not, and could not, show that he clearly understood he was waiving his objection to the introduction of evidence to sustain the statement, because no offer was then suggested and none has ever been made."

We conclude, therefore, that the procedure followed was erroneous, and there was no legal waiver by defense. The court had before it no competent evidence of previous convictions. In Carter, supra, the existence of substantial prejudice was clear since the sentence imposed could not have been given in the absence of proof of previous convictions. The maximum sentence which this special court-martial could have imposed for the offenses of which the accused was convicted is bad conduct discharge and confinement for four months. He received only a slightly lesser sentence: bad conduct discharge and confinement for three months. We cannot say that the court was not influenced by the record of previous convictions. The prior offenses alleged were missing ship, absence over leave, drunk while on liberty, use of obscene language, and striking the shore patrol. It would be the unusual —even the unreasonable—man who would not be influenced by this history of prior offenses in assessing the degree of punishment to be given. We would have to close our eyes to reality to assume the contrary.

Error was committed to the substantial prejudice of the accused. Accordingly, the cause is remanded to The Judge Advocate General of the Navy for action not inconsistent with the views expressed herein.

Judges LATIMER and BROSMAN concur.