UNITED STATES, Appellee

v.

WILLIAM HOWARD TRIMIAR, Aviation Electronics Technician, U. S. Navy, Appellant

1 USCMA 262, 2 CMR 169

LT. Henry B. Nesbitt, U. S. Navy, for Appellant.
CAPT. Wesley C. Blake, U. S. Marine Corps, for Appellee.

### Opinion of the Court

PER CURIAM:

The accused in this case on trial by special court-martial pleaded guilty to a charge of 45 minutes AWOL in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680, and was found guilty of three specifications alleging minor infractions in violation of Article 134, 50 USC § 728. The court imposed a sentence consisting of a bad conduct discharge, two months confinement, and loss of pay for two months. The findings and sentence were approved by the reviewing authorities, including a board of review in the Office of The Judge Advocate General of the Navy. The accused has petitioned this Court for a grant of review assigning as error, among other grounds, that the board of review below erred in affirming the proceedings in this case because the trial counsel read four previous convictions to the members of the court without competent evidence of the same having been offered or received.

After the finding of guilty and before the imposition of sentence the trial counsel announced he had evidence of four prior convictions and stated the details thereof in open court. No objection was made by the accused. Trial counsel did not offer any documentary record of prior convictions nor is any exhibit attached to indicate that such was received. This appears to present substantially the same problem that confronted this Court in the case of United States v. Carter (No. 159), 1 USCMA 108, decided Jan. 18, 1952, 2 CMR 14.

In reversing the conviction in that case the opinion of the Court pointed out that proof of prior convictions means legal and competent evidence thereof; and that the unsworn statement of trial counsel did not meet the test in the absence of a clear showing by the parties that they knowingly stipulated to the same. It was further held in the Carter case, supra, that an accused is entitled to see any document purporting to set forth prior convictions and to object to its admission in evidence if offered. Failure to tender legally admissible proof of such convictions deprives the accused of this right.

Our decision in this case is therefore controlled by the decision in the Carter case, supra. The petition for grant of review in this case is hereby granted and the decision of the board of review is reversed without oral argument. The case is remanded to The Judge Advocate General of the Navy for rehearing or for other action not inconsistent with the views expressed herein.