UNITED STATES, Appellee

v.

BASEL RAY DEWEESE, Seaman Apprentice, U. S. Navy, Appellant

1 USCMA 400, 3 CMR 134

No. 633

Decided May 23, 1952

CDR. John T. Davies, USN, for Appellant.
CAPT. Wesley C. Blake, USMC, for Appellee.

## Opinion of the Court

PER CURIAM:

Petitioner was charged with two absences without leave (17 days and 1 day), failure to obey a lawful order, and twice missing the movement of his ship. He pleaded guilty to the absences without leave; not guilty to the other charges and specifications. The court found him guilty on the specifications under the first and last charges, and sentenced him to a bad-conduct discharge, forfeiture of $30.00 per month for 3 months and confinement at hard labor for 2 months. The supervisory authority set aside the findings on the missing ship offenses. The findings on the absences without leave and the sentence have been upheld on review.

The sole issue raised concerns the proof of prior convictions. Following the findings, trial counsel read to the court information concerning two previous convictions. The trial counsel was not sworn, he did not state from what source he was reading, no documents concerning prior convictions were offered or received in evidence, and no exhibits reflecting prior convictions are attached to the record. This is patent error. United States v. Carter, (No 159), 1 USCMA 108, 2 CMR 14, decided January 18, 1952. Here, as in Carter, the sentence of a bad-conduct discharge is illegal in the absence of competent proof of two prior convictions. The two offenses which have been upheld on review—absence without leave for 17 days and for 1 day—will not support a bad-conduct discharge. Manual for Courts-Martial, United States, 1951, paragraph 127c. The petition is granted, the decision of the board of review is reversed and The Judge Advocate General of the Navy is directed to return the record to the board of review for further review in accordance with the decision of this Court.