UNITED STATES, Appellee

v.

GEORGE W. TOWNSEND, Airman U. S. Navy, Appellant

1 USCMA 441, 4 CMR 33

No. 597

Decided June 23, 1952

CDR. Raymond van Wolkenten, USN, for Appellant.
CDR. Malcom J. Bradbury, USN, for Appellee.

Opinion of the Court

PER CURIAM:

This accused was convicted by Navy special court-martial of two offenses of unauthorized absence in violation of Article 86 of the Uniform Code of Military Justice, 50 USC § 680. The periods of absence were 3 days and 9 days. The accused was sentenced to a bad-conduct discharge, forfeiture of pay of $60.00 per month for a period of one month,

and confinement at hard labor for one month. Navy reviewing authorities upheld the findings and sentence. On April 2, 1952, the accused petitioned this Court for review alleging, among other errors, improper consideration of two previous convictions by the court-martial. We denied the petition on the ground that the record of trial disclosed that proper proof of prior convictions was before the court-martial. Thereafter, appellate defense counsel filed a petition for reconsideration, setting out as grounds therefor that the record of previous convictions upon which we relied to deny the petition was not actually a part of the trial record, but had inadvertently been attached on review. This statement is not disputed by the Government.

This places an entirely different complexion on the case. It now appears that there was before the trial court no proper record of previous convictions, and no evidence of such convictions was either offered or received in evidence. This was error. Further, a bad-conduct discharge is not authorized for the offenses of which this accused was convicted in the absence of proof of two or more prior convictions. Manual for Courts-Martial, United States, 1951, paragraph 127c. Accordingly, prejudice is clear. United States v. Carter, (No. 159), 1 USCMA 108, 2 CMR 14, decided January 18, 1952.

The petition for reconsideration is granted. The order of this Court entered on June 2, 1952, denying the petition for grant of review is hereby vacated. The petition is granted, the decision of the board of review is reversed, and the case is remanded to The Judge Advocate General of the Navy with instructions to refer it to a board of review for further action in accordance with the decision of this Court.