UNITED STATES, Appellee

v.

SAM O. PARKER, Sergeant, U. S. Army, Appellant

3 USCMA 272, 12 CMR 28

No. 731

Decided September 4, 1953

Neil Brans, Esq., LT COL George E. Mickel, U. S. Army, and 1ST LT John D. Calamari, U. S. Army, for Appellant.

LT COL Thayer Chapman, U S. Army, LT COL William R. Ward, U. S. Army, and 1ST LT Kenneth A. Howard, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Following common trial with one Tobita—petitioner in No. 710—the accused was convicted by a general court-martial, convened at Ascom City, Korea, of the rape of a Korean girl, in violation of Article of War 92, 10 USC § 1564.[1] The conviction was affirmed by intermediate reviewing authorities, and this Court has granted accused's petition for further review to consider the matters hereinafter mentioned.

## II

With exceptions to be considered

---

1. Since the offense charged was alleged to have been committed prior to May 31, 1951, the effective date of the Uniform Code of Military Justice, the charges were laid under the Articles of War. The trial was held after May 31, 1951. It is, therefore, to be judged by the provisions of the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1951.

**273**

subsequently, this accused has made the same assignments of error as his co-accused, Tobita. As a consequence, our opinion in the case of United States v. Tobita, 3 USCMA 267, 12 CMR 23, decided this date, is largely dispositive of this one as well.

The following points were explicitly determined in *Tobita*. We held the evidence to be amply sufficient as a matter of law to sustain the conviction of the accused. Likewise, we found no error in the admission in evidence of the testimony of the witness, Nolen—and of another to the same effect—respecting his pretrial identification of the prosecutrix. Finally, we concluded that the law officer did not act improperly in restricting the introduction of evidence in mitigation and extenuation by the defense to such matter as went to explain the offense and tended to lessen its base criminality—and in rejecting testimony from the accused bearing on the merits. In the *Tobita* case we devoted much attention to questions arising from a disparity as to court membership between the original record and the copy furnished the accused there. The same discrepancy is present in the instant case. Manifestly what we said there is of equal application here. Thus we hold as to this accused that the record was not impeached, that Lieutenant Arnold R. Sanchez sat as a member of the trial tribunal, and that the accused was tried by a general court-martial composed of not less than five members.

### III

In addition to the errors asserted by Tobita, the accused here has assigned others. He contends that ■■■■■■ ■ the law officer erred prejudicially in failing to instruct on the elements of the lesser offenses of attempted rape, assault with intent to commit rape, and indecedent assault. The Government concedes that assault with intent to commit rape was fairly raised, but argues that, in light of the modest sentence imposed, the failure to instruct with respect thereto was harmless error.

We cannot agree either with the ac-

cused or with the concession of the Government. The basis for both positions is found in the testimony of a medical officer to the effect that he had examined the prosecutrix on the day following the evening during which the offense was allegedly committed, and that it was his opinion that she had not engaged in sexual intercourse within the forty-eight hour period next preceding his examination. This, it is said, demonstrated that no penetration was effected by the accused, and distinctly raised the possibility of lesser offenses. To our minds, both counsel have failed to evaluate properly the testimony of the physician. It is perfectly clear from his own testimony that he had reference to a completed act of intercourse—for he stated distinctly that his conclusion was based on his inability to find traces of semen within the body of the prosecutrix or upon her clothing. The crime of rape, of course, is complete the moment penetration in any degree—however slight—is effected, and emission is of no importance. Manual for Courts-Martial, U. S. Army, 1949, paragraph 179*b*. It follows, therefore, that the physician's evidence in no way contradicted the unequivocal testimony of the prosecutrix to the effect that accused had in fact effected penetration. With this wholly uncontradicted testimony of the prosecutrix before us—and considering all of the other evidence adduced at the trial—we find no difficulty in concluding that no lesser offenses were fairly raised as reasonable alternatives to that charged. Accordingly, there was no necessity for instructions thereon, and the law officer's omission did not constitute error. United States v. Cromartie, 1 USCMA 551, 4 CMR 143, decided August 6, 1952.

### IV

Accused next contends that the law officer erred to his material prejudice in failing to define the ■■■■■■ ■ phrase, "carnal knowledge," in the course of his instructions to the court-martial on the elements of the offense charged. The short answer to this argument is that no request for such an instruction was

made. In the absence of such a request, there was no obligation on the part of the law officer to elaborate on the meaning of the term. United States v. Soukup, 2 USCMA 141, 7 CMR 17, decided January 23, 1953; United States v. Felton, 2 USCMA 630, 10 CMR 128, decided June 12, 1953.

## V

The final argument of the accused warranting particular attention is that there was admitted against ▪ him incompetent evidence of a previous conviction. Following the return by the court-martial of its findings of guilty, the law officer announced that the court would at that time hear the personal data relating to the accused reported on the charge sheet, and would receive evidence of previous convictions, if any. Trial counsel thereupon proceeded to present the personal data, and—with regard to the accused, Parker, only— read all pertinent information respecting a previous conviction for failure to obey a lawful order. Although he did not identify for the record the document reflecting this previous conviction, nor, apparently offer it in evidence at any time, there is appended to the record of trial an extract copy of accused's service record containing, as its heading indicates, a "Record of Previous Convictions." It is patent through comparison that it was from this source that trial counsel read the record of Parker's previous conviction. Following this recital of trial counsel, he inquired of accused whether the data read were accurate. The latter's counsel responded in the affirmative and registered no objection to this manner of "proof" of the previous conviction. We may observe parenthetically, however, that this did not amount in law to a stipulation or to a waiver of objection. United States v. West, 1 USCMA 590, 5 CMR 18, decided August 14, 1952.

We have heretofore examined the problem of proof of previous convictions in several cases. United States v. Lowery, 2 USCMA 315, 8 CMR 115, decided March 13, 1953, and cases there cited. Here, as in United States v.

West, *supra,* and unlike United States v. Zimmerman, 1 USCMA 160, 2 CMR 66, decided February 7, 1952, there is a document attached to the record which was obviously the source of trial counsel's information. In this case also, as in *Zimmerman,* but unlike *West,* there is within the confines of the record a verbatim account of trial counsel's statement of the data of the previous conviction. Up to this point therefore, the situation in the instant case is identical with that presented in *Lowery*—but at this juncture the similarity ceases. The critical factor which removed *Lowery* from the pale of the *Zimmerman* and *West* cases was that in *Lowery* trial counsel had previously been sworn as a witness, and had testified that he was the official custodian of the accused's service record. Accordingly, we held that, when he read the record of previous convictions, he was in every sense testifying as a witness. His testimony was competent "secondary" evidence of the previous convictions, and the failure of the defense to object to the inferior character of the proof constituted a waiver. However, in the instant case, trial counsel had not been sworn as a witness. Consequently, his reading of the "Record of Previous Convictions" was in no way evidence, but amounted merely to an unsworn statement. United States v. Carter, 1 USCMA 108, 2 CMR 14, decided January 18, 1952. Since there is not present here that distinctive feature of *Lowery,* this case must be governed by *Zimmerman* and *West,* and the manner of proof of the previous conviction must be branded as error.

Whether this error posed a fair risk of material prejudice to a substantial right of the accused constitutes a further and different question. The present case is not one in which the sentence may not be supported legally in the absence of the prior conviction evidence. Cf. United States v. Carter, *supra.* Nor is it one in which we can say with certainty that the previous conviction had a distinct bearing on the sentence imposed. Cf. United States v. West, *supra.* Here, two men were tried jointly for exactly the same

offense. One previous conviction was introduced against the present accused, but none was introduced against his co-accused, Tobita. Yet, the sentences adjudged by the court-martial as to each man were identical. In these highly unusual and distinctly unique circumstances, we cannot discern how the "proof" of the previous conviction against the accused could have had any effect whatever on the sentence imposed on him. Certainly the record reflects no sound basis for distinguishing between the conduct of the two accused in terms of culpability—and thus suggesting a basis for identical sentences in the face of a considered previous conviction on the part of Parker. It follows that, under the peculiar facts of this case, the error tainting that "proof" did not operate to his material prejudice.

## VI

Accused, like his companion, Tobita, has made other assignments of error. We have examined and considered them thoroughly, as we did in the companion case. We conclude here as there that they are quite without merit, and do not warrant explicit recitation and extended discussion in this opinion.

No prejudicial error appearing, the conviction is affirmed.

Chief Judge QUINN and Judge LATIMER concur.