UNITED STATES, Appellee

v

JAMES L. HENRY, Private E-2, U. S. Army, Appellant

7 USCMA 663, 23 CMR 127

*Major Edward Fenig* was on the brief for Appellant, Accused.

*Lieutenant Colonel Thomas J. Newton, First Lieutenant Arnold I. Burns,* and *First Lieutenant Robert L. Spatz,* were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

A board of review affirmed the accused's conviction for desertion, in violation of Article of War 58, 10 USC (1946 ed) § 1530 (now Article 85, Uniform Code of Military Justice, 10 USC § 885). We granted review.

To show the initiation of the accused's absence, the prosecution introduced an extract copy of a morning report entry from the records of his former organization. The entry does not contain the signature of the authenticating officer as required by the then existing regulations. See AR 345–400, paragraph 6, May 7, 1943. Instead, in the usual place for the signature appear the initials "WHW." In United States v Parlier, 1 USCMA 433, 437, 4 CMR 25, we held that the omission of the signature as required by the regulations made the entry inadmissible in evidence.

Although defense counsel failed to object to the admission of the extract, his failure did not make the entry competent evidence of the inception of the accused's absence. United States v Smith, 3 USCMA 15, 11 CMR 15; United States v Carter, 1 USCMA 108, 2 CMR 14. See also United States v Smith, 2 USCMA 121, 6 CMR 121.

The Government argues, however, that the entries on prosecution exhibit 2, which were made on June 17, 1956, are competent to establish the inception of the accused's absence. Under the applicable regulations, the nature of the comments, and the date of the entry, we find no merit in this contention.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered.