UNITED STATES, Appellee

v

LUIS DOSAL-MALDONADO, Private, U. S. Army, Appellant

12 USCMA 442, 31 CMR 28

No. 14,861

July 21, 1961

First Lieutenant Ira M. Lechner argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel Ralph W. Wofford.

First Lieutenant Stanley M. Wanger argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel James G. McConaughy.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On his plea of guilty, the accused was convicted by a general court-martial in Verdun, France, of three offenses in violation of the Uniform Code of Military Justice. The only question raised by the petition for review is whether the accused improvidently entered a plea of guilty to a charge alleging the theft of $50.00. At trial the matter troubled the law officer, but "with some legal misgivings" he decided to let the plea stand. While the question is not free from doubt as regards the entire amount allegedly stolen, there is no doubt of the providence of the plea as regards an amount less than $20.00.

The accused was in a poker game. He lost "about thirty or forty dollars." Purportedly, he thought Private First Class J. F. Baer, one of the other participants in the game "cheated" him, and he decided to try to get back his money. On the morning following the game he went to Baer's room. After some conversation about the game, Baer went to the washroom leaving his wall locker open. On the shelf was a "roll of money" amounting to about $160.00. The accused took some of the bills. Later, he discovered he had taken $50.00.

Had the accused attempted to recover only the amount of money he purportedly lost in the poker game as a result of Baer's alleged cheating, there would be serious doubt of the providence of his plea. United States v Kachougian, 7 USCMA 150, 156, 21 CMR 276. But, the accused admittedly took more than he lost. As to the excess, at least, he had no defense, and his plea of guilty was entirely provident. Since the claim of improvidence is clearly limited to only part of the charge, the plea of guilty can be sustained as to the remainder, i. e., to the difference between the amount of money of which the accused was allegedly cheated and the amount of money he took from Baer's locker. Accordingly, we affirm so much of the findings of guilty of Charge I as finds the accused guilty of larceny of currency of a value less than $20.00.

442

As the modified findings of guilty authorize a lesser punishment than the original findings of guilty, we also set aside the sentence approved by the board of review.[1]

The record of trial is returned to The Judge Advocate General of the Army for submission to the board of review for reconsideration of the sentence in light of this opinion.

Judge FERGUSON concurs.

---

[1] At trial the law officer specifically called attention to the "partial validity" of the plea of guilty, and the fact that the punishment therefor would be only that for larceny in an amount less than $20.00. However, he was assured the matter had been fully discussed with the accused, and, accordingly, he permitted the plea of guilty to stand unaltered.