UNITED STATES, Appellee

v

GREGORY I. COOK, Private, U. S. Army, Appellant

12 USCMA 518, 31 CMR 104

No. 14,994

November 17, 1961

*Lieutenant Colonel Ralph W. Wofford* argued the cause for Appellant, Accused. With him on the brief were *Colonel Harley A. Lanning* and *Colonel W. H. Blackmarr*.

*Captain Barry L. Kroll* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel James G. McConaughy*.

PER CURIAM:

On the plea of guilty before a general court-martial at Fort Richardson, Alaska, the accused was convicted of two specifications of assault with a means likely to produce grievous bodily harm, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He was sentenced to a bad-conduct discharge, total forfeitures, reduction to recruit, and confinement at hard labor for two years. The convening authority approved the findings of guilty, but in accordance with a pretrial agreement with the accused, modified the sentence by reducing the period of confinement to one year. The board of review affirmed.

Two questions are raised on this appeal. The first concerns the providence of the accused's plea of guilty; the second is whether the law officer erred to the accused's prejudice by denying a request by the court to see the chain alleged in both specifications as the means likely to produce grievous bodily harm. Vital to both questions is the nature of the chain and the specific use to which it was put. Each specification describes the instrument merely as a "chain." One specification alleges it was used to strike the victim on "the head"; the other avers that the victim was hit on the "neck and back." After the findings and before receiving instructions on the sentence, a member of the court asked to see the chain. The law officer held a sidebar conference with counsel and the accused. He then made the following ruling:

"Gentlemen, you put me in a rather embarrassing position. However, I will make the statement to the court that you have already found that the chain used in this case, in the offense which he has pleaded guilty to, is one which could have committed grievous bodily harm; and I think further, with both the concurrence of the defense counsel and trial counsel, that the chain at the present time is not in the condition it was at the time it was used, and that therefore it would be impossible to present it to the court in exactly the same condition, and therefore I will deny the court's request, on the law officer's initiative alone."

A chain may be an inherently lethal weapon or it may be a completely harmless instrument, depending upon its size and the material it is made of; the size of the links; and other factors, such as whether it is knotted or folded over into strands. It is hardly likely, for example, that a court-martial would find a necklace chain of the kind commonly used to carry a talisman is a means likely to inflict grievous bodily harm, when used in a single strand form only to strike a person on the back or the neck. From defense counsel's unsworn statement for the accused and the allied papers, it appears the chain was a "key chain" about 36 inches in length which the accused took out of his pocket and used, as alleged, during an altercation with some other soldiers outside a beer hall. The chain does not appear to be a dangerous weapon per se. The court-martial, therefore, could consider it as the kind of instrument that did not justify incarceration for a long period of time. More importantly, the request strongly suggests the court-martial fully appreciated that not every chain used to strike a person on the head is necessarily a means likely to produce grievous bodily harm. The court-martial might well have exercised its right to vacate the findings and "refuse to accept . . . [the] plea of guilty." Manual for Courts-Martial, United States, 1951, paragraph 70, pages 107–109; see Article 45(a), Uniform Code of Military Justice, 10 USC § 845; cf. United States v Turkali, 6 USCMA 340, 20 CMR 56. Under the circumstances, the law officer's ruling denying the court members the right to see the chain prejudiced the accused.

The effect of the erroneous ruling and the accused's attack on the providence of his plea do not extend beyond the element of aggravation. Consequently, only that part of the findings of guilty need be set aside. United States v Dosal-Maldonado, 12 USCMA 442, 31 CMR 28. We, therefore, affirm

findings of guilty of an assault consummated by a battery, in violation of Article 128 of the Code, supra, in regard to each specification of the Charge. The sentence is set aside, and the record of trial is returned to the board of review for reconsideration thereof in the light of the modified findings of guilty.