UNITED STATES, Appellee

v

CHARLES D. JOHNSON, JR., Private,
U. S. Army, Appellant

15 USCMA 384, 35 CMR 356

No. 18,179

May 14, 1965

*Captain Robert T. Webster* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Major George O. Taylor, Jr.*

*Captain Anthony L. Tersigni* argued the cause for Appellee, United States. With him on the brief were *Colonel Edwin G. Schuck, Lieutenant Colonel Francis M. Cooper,* and *Captain William M. Brown.*

### Opinion of the Court

QUINN, Chief Judge:

Of the several offenses of which the accused stands convicted by general court-martial,[1] only one is in issue.

Specification 3 of Charge III alleges the accused committed an assault upon Sergeant Wayne G. Barrett by striking at him with a club, a means likely to produce grievous bodily harm, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. Initially, the accused entered a plea of

---

[1] The sentence as approved by the convening authority includes a bad- conduct discharge and confinement at hard labor for one year.

385

guilty; but after he testified on the merits, the law officer vacated the plea and directed the entry of a plea of not guilty because the accused's "testimony [was] inconsistent with his plea."[2] The law officer specifically instructed the court-martial to draw no inference against the accused by reason of the previous plea. Sergeant Barrett thereupon testified as to the offense, as a prosecution witness, and the accused gave further testimony on the issue. When the time came for instructions, the law officer opened his remarks with the following comment:

"LO: Gentlemen, at one time in this case I accepted a plea of guilty from the accused. I withdrew it and I instructed that you must find the accused guilty on the evidence admitted here in court and be convinced beyond a reasonable doubt as to his guilt. However, since that time, the accused has again elected to take the stand and has judicially confessed to the commission of the confessed charge in Specification 3 of Charge III, so therefore you may find him guilty of that Specification upon his judicial confession."

A providentially entered plea of guilty "removes from the triers of fact  any question of guilt or innocence, leaving only the requirement of imposing an appropriate sentence." United States v Trotter, 15 USCMA 218, 219–220, 35 CMR 190. Consequently, the accused is not prejudiced by an instruction to the court-martial to enter findings on the basis of the plea. United States v Cruz, 10 USCMA 458, 28 CMR 24. Testimonial admissions by the accused frequently have the effect of purging a procedural error of all possibility of prejudice. For that reason, there is no necessity for reversing a conviction on the ground of procedural error where there is testimony by the accused admitting the fact sought to be established through the erroneous ruling. United States v Trojanowski, 5 USCMA 305, 17 CMR 305; United States v Single-

[2] The court-martial order does not reflect the change of plea.

tary, 14 USCMA 146, 33 CMR 358. Whether testimonial admissions amounting to a confession of guilt can justify a directed verdict of guilty is another matter. A sworn pretrial confession is insufficient by itself to support a finding of guilty. See United States v Smith, 13 USCMA 105, 32 CMR 105. We need not decide whether a sworn confession at trial is, by itself, similarly insufficient. Cf. Horning v District of Columbia, 254 US 135, 65 L ed 185, 41 S Ct 53 (1920); cf. Seiden v United States, 16 F2d 197 (CA 2d Cir) (1926). In our view, the accused's testimony did not "admit . . . his guilt of every part of the crime." United States v Singletary, supra, at page 150.

Witnesses variously described the instrument picked up by the accused as a "stick," a "club," and a "piece of wood" approximately three and one-half feet long. From the photograph of the article admitted in evidence as Prosecution Exhibit No. 2, it appears to be a branch of a tree about the thickness of a thumb. A stick of the apparent dimensions of that used in this case is not "per se a dangerous weapon, and so its manner of use determines its potentialities for injuring seriously." United States v Robertson, 5 USCMA 806, 823, 19 CMR 102, concurring opinion. See also United States v Cook, 12 USCMA 518, 31 CMR 104. The accused admitted he "swung in his general direction" to keep the Sergeant from "advanc[ing] towards" him. He categorically denied that he hit the Sergeant or put him in fear. He said in fact he "would never have hit him because . . . [he] like[d] Sergeant Barrett. He's a good NCO." The accused said nothing whatever about the distance that separated him from Sergeant Barrett at the time he "swung" the stick, and nothing about the degree of force he used. Considering his testimony as a whole, it can reasonably be construed as indicating he did not use the stick in a manner likely to cause grievous bodily harm. Consequently, it was error for the law officer to instruct the court-martial

that the accused's testimony amounted to a "judicial confession" of assault with a dangerous weapon.

Those findings of guilty of specification 3 of Charge III are affirmed as find the accused guilty of simple assault. The record of trial is re-turned to The Judge Advocate General of the Army for submission to the board of review for redetermination of the sentence on the basis of the approved findings of guilty.

Judges FERGUSON and KILDAY concur.