## UNITED STATES, Appellant,

v

## JERRY W. EGGLETON, Airman First Class, U. S. Air Force, Appellee

No. 27,109

November 23, 1973

*Major Stark O. Sanders, Jr.,* argued the cause for Appellant, United States. With him on the brief was *Colonel C. F. Bennett.*

*Captain Philip F. O'Neill* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel James LaBar.*

### OPINION OF THE COURT

Duncan, Judge:

Charged with larceny of Airman Hirsch's stereo, the accused, during an Article 39(a) hearing, pleaded not guilty as charged but guilty to the lesser included offense of wrongful appropriation. During the inquiry into the plea, the accused disclosed that he and Airman Carmen had taken Hirsch's property partly as collateral for money owed Carmen by Hirsch and partly as a trick and a joke. According to the accused, he and Carmen had intended to tell Hirsch they had the equipment and that "he couldn't get it back until he paid us the money."

The stereo was taken to the house of a friend, Tenbarge, who lived off base. Accused denied any intent to permanently retain Hirsch's property. The military judge accepted the plea and, without explication, so informed the members of the court.

During the hearing on the merits, the accused repeated the testimony he gave in the pretrial hearing. He explained how he and Carmen planned to be present in Hirsch's room when the latter discovered his loss and to inform Hirsch then that he could have his equipment back when the money owed to Carmen was repaid. The plan allegedly backfired, however, when Hirsch returning earlier[1]

---

[1] Accused testified, "We got back later because Airman Carmen's car broke down just outside of town, and when we finally got to the barracks we learned that he had already reported it missing, and they called in the OSI, and we didn't know what to do; we just got scared and kind of froze."

discovered and reported his loss to the security police. The accused admitted that after storing Hirsch's property at a friend's home, he later moved it to the apartment of Airman Mazepink where it was until voluntarily surrendered to Hirsch about a week later.

Hirsch testified that upon returning to the base on August 20th he noticed that his stereo equipment was missing. He immediately reported his loss to the security police. On the morning of August 26th, the accused and Airman Carmen knocked at his door. On entering · the room "Airman Eggleton told me that he had my stereo, that he would like to give it back to me, that he was only keeping it as playing a joke." All three then drove to the off base apartment of Airman Mazepink, obtained the equipment, and brought it back to the base.

The Court of Military Review held that:

> On this evidence, we believe the military judge should have rejected the accused's plea of guilty to wrongful appropriation. United States v Roberge, 18 USCMA 157, 39 CMR 157 (1969); United States v Vaughn, 17 USCMA 520, 38 CMR 318 (1968). Not every taking of property without the owner's consent constitutes a violation of Article 121. If an accused's purpose is not criminal or evil, he cannot be convicted of larceny or of wrongful appropriation. United States v Roark, 12 USCMA 478, 31 CMR 64 (1961). . . .
>
> An accused who takes property, or assists another to take property, as security for a bona fide debt does not possess the criminal intent necessary for conviction of larceny or wrongful appropriation. 50 Am Jur 2d, Larceny, sections 36 and 41; 52 A CJS, Larceny, section 26b; United States v Roark, supra; Cf. United States v Smith, 2 USCMA 312, 8 CMR 112 (1953); United States v Kachougian, 7 USCMA 150, 21 CMR 276 (1956); United States v Abernathy, 24 CMR 765 (AFBR 1957). . . .

It appears, therefore, that the accused's stated purpose in the instant case, if believed by the court, would have constituted a complete defense to the offense charged and to the lesser included offense. . . .

.     .     .     .     .

In light of the accused's testimony the military judge should have refused to accept the accused's plea of guilty to wrongful appropriation, and then he should have instructed the court, sua sponte, on the defense theory. United States v Nickoson, 15 USCMA 340, 35 CMR 312 (1965); United States v Smith, 13 USCMA 471, 33 CMR 3 (1963). Failure to do so constituted prejudicial error.

Pursuant to the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the Air Force has certified the following questions:

I. Was the Court of Military Review correct in holding that the accused's plea of guilty to the lesser included offense of wrongful appropriation was improvident?

II. Was the Court of Military Review correct in determining that the military judge's instructions were prejudicially inadequate?

It is apparent that we will reach the second question only if we agree with the Court of Military Review that the plea of guilty to wrongful appropriation was improvident. We do not believe that it was. United States v Dosal-Maldonado, 12 USCMA 442, 31 CMR 28 (1961).

In *Dosal-Maldonado,* the accused purportedly lost about $30 to $40 in a poker game. Believing that Private First Class Baer, one of the other participants in the game, cheated him, he went to Baer's room. After some conversation about the game, Baer went to the washroom leaving his wall locker open. On the shelf was a roll of money amounting to about $160. The accused took some of the bills and later discovered he had taken $50. At trial, Dosal-Maldonado pleaded guilty to a charge alleging larceny of $50. On appeal, he contended that his plea was improvident on the ground that he had attempted to recover only the amount of money he allegedly lost as a result of Baer's cheating. United States v Kachougian, 7 USCMA 150, 156, 21 CMR 276, 282 (1956). Since Dosal-Maldonado ad-

mittedly took more money than he lost, we held:

> As to the excess, at least, he had no defense, and his plea of guilty was entirely provident. Since the claim of improvidence is clearly limited to only part of the charge, the plea of guilty can be sustained as to the remainder, *i.e.,* to the difference between the amount of money of which the accused was allegedly cheated and the amount of the money he took from Baer's locker.

12 USCMA at 442, 31 CMR at 28.

In the case at bar, the accused testified that he and Carmen took Hirsch's stereo music center as security for a debt of $90 to $100 owed to Carmen by Hirsch. The specification alleged and the evidence at trial reflected the value of the purloined articles as in excess of $814. Granted the right of one to assist another to take property as security for a bona fide debt[2] (see citations of authority quoted above from the opinion of the Court of Military Review), it is the teaching of *Dosal-Maldonado* that that right is limited by the amount of the debt.

When more money is recouped than can be the subject of a claim of right, the taking of the excess is indicative of criminal intent. The question now arises as to whether a taking of personal property reasonably valued far in the excess of the amount of a creditor's claim as security provides a basis for an inference of criminal intent. We believe that it does.

In *Dosal-Maldonado* and in the case we review the undergirding principle is the same. The self-help taking of more money than was lost gambling or more money than owed is generally not difficult to determine. The procurement of personal property by self-help for the payment of a debt almost invariably will result in a mismatch between the amount of the debt and the value of the property held. However, we believe the reasonable value of property taken for security must be limited to no more than reasonably approximates the amount of the debt. Any taking of more than that amount denotes the existence of *mens rea* even though less apparent than where more money than due is taken. One who takes property of a value clearly in excess thereof, as should have been apparent in this case, does so at his peril. Under these circumstances we do not believe that the accused's plea of guilty to wrongful appropriation was improvident.

The first certified question is answered in the negative making it unnecessary to answer the second.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for resubmission to the Court of Military Review to consider the other claims of error previously asserted by the accused.

Chief Judge DARDEN and Judge QUINN concur.

---

[2] The author judge believes the doctrine of self-help based on a claim of right should be limited to the recoupment of specific property wrongfully withheld or reasonably thought to be wrongfully withheld from the owner, and does not agree with the rule that there is no criminal intent when, as here claimed, one takes property from another as security for a debt. However, under the circumstances here, the doctrine of *stare decisis* takes precedence.