UNITED STATES

v.

**Specialist Four Bernard R. DEWITT, 243–90–4604, US Army, Personnel Control Facility, Headquarters Command, XVIII Airborne Corps and Fort Bragg, Fort Bragg, North Carolina.**

SPCM 11663.

U. S. Army Court of Military Review.

Sentence Adjudged 14 Oct. 1975.

Decided 30 March 1976.

Appellate Counsel for the Accused: CPT Michael R. Caryl, JAGC; CPT Sammy S. Knight, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Jack M. Hartman, JAGC; CPT William A. Poore, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

COOK, Judge:

The appellant was tried and convicted, by a special court-martial consisting solely of a military judge, of two specifications of AWOL; violations of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced as noted above.

On 8 October 1975, appellant's pleas of not guilty were entered by counsel. When the court convened on 14 October 1975, counsel changed the plea of not guilty to Specification 1 of the charge to one of guilty, which plea was found provident and was accepted.[1] The remaining specification alleged an unauthorized absence from 19 March 1975 to 18 June 1975.

In response to the request of appellant's counsel, the military judge agreed to give a preliminary ruling upon the admissibility of Prosecution Exhibit 1, the DA Form 4187, Personnel Action, offered to establish the inception date of the second alleged absence. Defense counsel objected to its admission on the ground that the duty status change (i. e., "from PRESENT FOR DUTY to ABSENT WITHOUT LEAVE effective 1600 hours, 19 March 1975") had not been properly verified by the commander as required by the governing regulation. The military judge overruled the objection and admitted Prosecution Exhibit 1.

In reliance upon this adverse ruling, appellant through counsel tendered a plea of guilty. During the providency inquiry, appellant stated that he had received an extension of his leave until 25 March 1975. With this, the military judge declared the plea improvident and entered a plea of not guilty on appellant's behalf. Prosecution Exhibit 2, which established the terminal date of the AWOL, was then admitted and the prosecution rested its case.

The trial defense counsel called appellant to the stand where he testified, under oath, that he took an authorized leave from Fort

---

1. The findings as to this offense are not questioned herein.

Polk, Louisiana from which he was due to return to duty on 20 March. While on leave, he called his unit for a five-day extension, which he received. Further, he testified that with the extension his new due date was 25 March 1975, but that he did not return on that date. Rather, he stayed home, for a reason he could not explain, and on 18 June 1975 he surrendered himself to military authority at Fort Bragg, North Carolina.

The trial judge found appellant guilty as charged of Specification 1 based on his plea, and guilty of Specification 2 substituting 25 March 1975 for the inception date contained in the specification.

Appellate defense counsel alleges the following as the sole error:

THERE IS NO COMPETENT EVIDENCE SUPPORTING APPELLANT'S CONVICTION OF SPECIFICATION 2 SINCE THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING OVER TRIAL DEFENSE COUNSEL'S OBJECTION PROSECUTION EXHIBIT 1, THE SOLE EVIDENCE OF THE UNAUTHORIZED ABSENCE ALLEGED.

While this Court might agree with the allegation of error as it pertains to the inadmissibility of Prosecution Exhibit 1,[2] it does not have to reach that issue.

Contrary to the assertion contained in the allegation of error, *supra*, the exhibit admitted by the trial judge was *not* the sole evidence of the unauthorized absence. As noted earlier, the appellant testified on the merits and made an unequivocal judicial confession. The only variation between his testimony and the charge, as alleged, involved the date of his departure, *i. e.*, 25 March versus 19 March, which the trial judge took into account in his findings.

"Judicial admissions so completely bind an accused that, if they are not improperly compelled, *see, e. g., United States v. Hundley*, 21 U.S.C.M.A. 320, 45 C.M.R. 94 (1972),[3] they establish the facts so admitted essentially as does a plea of guilty. *United States v. Johnson*, 15 U.S.C.M.A. 384, 35 C.M.R. 356 (1965); *United States v. Carson*, 15 U.S.C.M.A. 407, 35 C.M.R. 379 (1965)." [4]

A fortiori, the appellant's judicial admissions would render harmless any error to be found in admitting the contested morning report.[5]

The findings of guilty and the sentence are affirmed.

Senior Judge BAILEY and Judge DeFORD concur.

---

**2.** The verification portion of the DA Form 4187, Personnel Action, was incorrectly completed. The criticality of this portion of the form is repeatedly emphasized in the implementing regulations. *See* paragraphs 5–7 and 5–8*b*, AR 680–1, 11 September 1969 as changed by C8, 21 February 1975 and page 5–145, DA Pam 600–8, 1 May 1971 as changed by C7, 15 January 1975 and Step 6 in the Table appearing at page 5–148.1 of the same DA Pam. Under the rationale of *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975) and the cases cited therein, this failure of the government to comply with its own regulation might cause this exhibit to be inadmissible by the prosecution. Or in the alternative, the failure to comply with the terms of the regulation might preclude its use as an official document under the holdings of *United States v. Henry*, 7 U.S.C.M.A. 663, 23 C.M.R. 127 (1957); *United States v. Parlier*, 1 U.S.C.M.A. 433, 4 C.M.R. 25 (1952) and their numerous progeny spawned by the Boards and Courts of Review. It is also dubious that Prosecution Exhibit 1 would have been admissible under the business entry ex-

ception because it appears not to have been made contemporaneous with the event. Paragraph 144*c*, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Roberson*, 12 C.M.R. 768 (A.F.B.R.1953). We emphasize, however, that we are not deciding the issue of the admissibility of Prosecution Exhibit 1.

**3.** *Hundley* is a case involving the doctrine of impelled testimony enunciated in *United States v. Bearchild*, 17 U.S.C.M.A. 598, 38 C.M.R. 396 (1968). That doctrine has, in the military judicial system, been applied only to factual settings encompassing inadmissible pretrial statements or illegal searches.

**4.** *United States v. DeVille*, 49 C.M.R. 263, 265 (A.C.M.R.1974).

**5.** *United States v. Patton*, 2 C.M.R. 658 (A.F.B.R.1951); *see United States v. McElroy*, 3 U.S.C.M.A. 606, 14 C.M.R. 24 (1954); *United States v. McQuaid*, 5 C.M.R. 525 (A.F.B.R.1952).