UNITED STATES

v.

Specialist Six Marvin R. SKINNER, 326–38–4297, US Army, Headquarters and Company A, 4th Training Battalion, School Brigade, United States Army Signal School, Fort Gordon, Georgia 30905.

CM 433990.

U. S. Army Court of Military Review.

Sentence Adjudged 11 Sept. 1975.

Decided 28 July 1976.

Appellate Counsel for the Accused: CPT Derryl W. Peden, JAGC; CPT John C. Carr, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Regis J. McCoy, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

Before CLAUSE, DONAHUE and COSTELLO, Appellate Military Judges.

PER CURIAM:

Appellant was convicted, contrary to his pleas, of unauthorized absence for 10 months and larceny of 15 items of pay received during that absence, in violation of Articles 86 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 921, respectively.

The only evidence of his absence for the period alleged was a DA Form 2475–2, Personnel Data-SIDPERS. Appellant contends and the Government agrees that that form was erroneously used. Because appellant's status came into question during a period of changing personnel accounting procedures, the prior reporting document, DA Form 1, was required by applicable regulations. Failure to meet that requirement deprived the form used of the "officiality" necessary for competence and admissibility; hence, it was improperly admitted. *United States v. Henry*, 7 U.S.C.M.A. 663, 23 C.M.R. 127 (1957).

No reason other than appellant's unauthorized absence was asserted for his loss of entitlement to pay. Without the document just rejected there is no evidence of

record that appellant received his "pay" without legitimate claim thereto. Consequently, the larceny convictions are not sustained by the evidence.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered before a court-martial convened by the same or a different convening authority.