UNITED STATES, Appellee

v.

ARNOLD L. YERGER, Seaman Apprentice, U. S. Coast Guard,
Appellant

1 USCMA 288, 3 CMR 22

No. 122

Decided April 7, 1952

Lt. Albert S. Frevola, USCG, for Appellant.
LCdr. Anthony J. Caliendo, USCG, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

Petitioner was brought to trial on May 25, 1951, before a general court-martial convened pursuant to the Laws Relating to the Coast Guard, 14 USC § 564, and the Manual for Courts-Martial, U. S. Coast Guard, 1949. Four specifications, laid under three charges, were preferred against petitioner. Charge I alleged breaking arrest, Charge II alleged disobedience of the lawful orders of a superior officer, and Charge III alleged two separate absences without leave. Petitioner pleaded not guilty to one of the specifications alleging absence without leave. He was found guilty of all charges and specifications except the first and was sentenced to a bad-conduct discharge and confinement for 12 months. The Coast Guard board of review changed the finding under Charge II to failure to obey, reduced the confinement to 6 months, and otherwise affirmed. We granted the petition for review, which presented substantial issues of law concerning errors committed at the trial.

The first error relates to proof of other offenses, for which petitioner was previously convicted by court-martial. The record contains repeated references to these prior offenses, each brought out by prosecution questioning. Thus, several witnesses testified that petitioner, at the time of these offenses, was in a restricted status and performing police duties as a result of punishment adjudged by court-martial. A Lieutenant Glatz testified at length concerning all the details of these prior convictions, including the offenses on which they were based. Defense several times objected to this evidence but to no avail. The Government attempts to justify this evidence on the ground that it was necessary to show that petitioner was, at the time of these offenses, properly under arrest and detailed to perform extra police duties.

This is no justification. The status could have been shown without resorting to proof of what originally caused the status. Certainly the prosecution was not required to show the particular offense of which petitioner had been previously convicted, nor to make gratuitous references to offenses not charged.

The rule has long been established that evidence of other misconduct is generally not admissible against an accused. This is so, since proof of other crime, collateral to the issues in the instant case, supplies no legal presumption or inference relevant to the offenses charged. Such proof can only tend to prejudice the court against the accused, divert their minds from the real issues, and produce an impression that the accused is guilty because he has previously demonstrated a criminal tendency. See Boyd v. United States, 142 US 450, 35 L ed 1077, 12 S Ct 292; Coulston v. United States, 51 F2d 178 (CA10th Cir).

This general rule is, of course, subject to several well-defined and closely restricted exceptions. For example, evidence of prior misconduct is sometimes admissible to show the bad character of the accused where it has been placed in issue by the defense, or to show a course of criminal conduct where such conduct has a definite relationship to one of the elements of the offense charged. Wigmore on Evidence, 3rd Ed., §§ 58, 306; Wharton, Criminal Evidence, § 345. Neither of these exceptions is applicable here. Defense had not placed petitioner's good character in issue, and the prior offenses proven were entirely unrelated to the offenses charged.

Even the Coast Guard board of review conceded that this evidence should have been excluded. The board, however, stated:

"The error, however, is not deemed to be so substantial as to require disapproval of the findings. Paragraph 87c, MCM. The accused is not substantially prejudiced by the improper admission in evidence of a record of previous convictions when such impropriety does not affect the ability of the Board of Review to determine the correctness in law and fact of the findings of guilty."

Our concern is whether the error discussed above substantially prejudiced the members of the court which found petitioner guilty—not whether those errors actually affect either members of the board of review or us as appellate judges.

We think there can be no doubt that these improper references to prior convictions and to other ■ offenses not charged substantially prejudiced this accused. The following statement in Little v. United States, 93 F2d 401, 408 (CA 8th Cir), is appropriate:

"That kind of cross-examination is error under the decisions of this court. 'Acts of misconduct, not resulting in conviction of a crime, are not the proper subject of cross-examination to impeach a witness.' [citing cases] And when indulged in, the government will not be heard to say that such cross-examination is not prejudicial error. In Salerno v. United States, 61 F2d 419, 424 (CCA 8), Judge Sanborn, speaking of similar misconduct, said:

"'When, in the prosecution of a defendant, counsel for the government indulges in unfair and improper cross-examination, the only purpose of which is to degrade the defendant and to prejudice the jury against him, the government, upon appeal, will not ordinarily be heard to say that the methods which were used did not have the effect which they were obviously intended to have.'"

If error occurs which could reasonably have had an effect upon the court's finding, the ■ accused is not required to prove, through exploration of the members' mental processes, that it did in fact influence them. Little v. United States, 73 F2d 861, 866 (CA 10th Cir). We are unable to find any reported case where such improper use of evidence of prior crimes as appears here did not result in reversal.

We are not, however, satisfied to rest our decision upon this error, sufficient though it may be. The ■ record disclosed obvious and repeated use of leading questions on direct examination by the prosecution, and frequent reception of hearsay evidence, often over the strenuous objection of defense counsel. Separate consideration of the numerous instances of these errors is unnecessary and would unduly extend this opinion. Suffice it to say that the record demonstrates a flagrant disregard for elementary rules of evidence. Isolated and minor errors in receiving hearsay testimony and using leading questions appear in many criminal trials, both civilian and military, and ordinarily such deviations from proper procedure would not be substantially prejudicial and hence would not concern us as an appellate court. "We must guard against the magnification on appeal of instances which were of little importance in their setting." Glasser v. United States, 315 US 60, 83, 86 L ed 680, 706, 62 S Ct 457. But such is not the situation here. Repeated violations of fundamental rules of evidence, conceived at least partially for the protection of the accused, cannot be condoned.

The cumulative effect of the errors discussed above, each prejudicial inherently and in fact to a greater or lesser degree, requires that we set aside the findings in this case. United States v. Donnelly, 179 F2d 227, 233 (CA7th Cir); United States v. Wicoff, 187 F2d 886, 891 (CA 7th Cir). In the words of Mr. Justice Rutledge, we ". . . cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, . . ." Kotteakos v. United States, 328 US 750, 765, 90 L ed 1557, 66 S Ct 1239. Error is clear; prejudice exists. Accordingly,

the decision of the board of review is reversed and the record is returned to the General Counsel for the Department of the Treasury for further proceedings not inconsistent with this opinion.

Judges LATIMER and BROSMAN concur.