UNITED STATES, Appellee

v.

GEORGE ROBERT JAMES, Seaman, U. S. Navy, Appellant

1 USCMA 379, 3 CMR 113

No. 551

Decided May 8, 1952

CDR. John T. Davies, USN, for Appellant.
CAPT. Wesley C. Blake, USMC, for Appellee.

## Opinion of the Court

PER CURIAM:

Petitioner was tried by Navy special court-martial for violations of Articles 92 and 121 of the Uniform Code of Military Justice, 50 USC §§ 686, 715. The specification under the first charge alleged failure to obey a lawful order; the specification under the second charge alleged theft of $1.35 from a Navy seaman. Petitioner pleaded guilty to the first charge, not guilty to the second. The court found him guilty of both specifications and sentenced him to a bad-conduct discharge and confinement for one month. The convening authority approved, but the officer exercising general court-martial jurisdiction disapproved the finding on the specification of Charge I. The findings on the theft charge and the sentence were approved.

The Navy board of review which considered this case affirmed the findings and sentence without opinion, noting that petitioner had pleaded guilty to the charge of theft. We are unable to understand this action. The record is perfectly clear that petitioner pleaded not guilty to this charge. There is little excuse for such obvious errors on the part of an appellate reviewing agency where the liberty and reputation of one convicted of a serious crime is at stake.

This record, even aside from the action of the board of review, demonstrates a disregard for procedures required by the Uniform Code of Military Justice and the Manual for Courts-Martial, 1951. The most serious of the errors committed was the failure of the president to instruct the court on the elements of the offense to which petitioner pleaded not guilty. This alone requires reversal. United States v. Clay (No. 49), 1 USCMA 74, 1 CMR 74, decided November 27, 1951. The record is replete with leading questions by the trial counsel. The specification which alleged violation of a lawful order contained no allegation as to the date, time or place of the offense. It is true that the finding on this specification was set aside by Navy reviewing authority, but the specification is indicative of the type of trial accorded this accused. We note further that the record discloses numerous departures from the form required by the Manual for Courts-Martial, 1951.

It is not this Court alone that is

endowed by Congress with responsibility for insuring that courts-martial are conducted in accordance with required procedures. The reforms intended by the Uniform Code of Military Justice will not be carried out until officers concerned with ordering, conducting and reviewing courts-martial observe scrupulously their duties and responsibilities under the Code and the Manual. This case falls far short of meeting the required standards.

Petitioner stands convicted of minor theft only, with no proof of prior convictions. He has already served the confinement to which he was sentenced. In view of these circumstances and the seriousness of the procedural error, we think it undesirable to order a rehearing in this case. The petition for review is granted, the decision of the board of review is reversed, and the charges are dismissed.