UNITED STATES, Appellee

v.

CONRAD CARMEN PERNA, Fireman Apprentice, U. S. Navy, Appellant

1 USCMA 438, 4 CMR 30

No. 684

Decided June 13, 1952

CDR. John T. Davies, USN, for Appellant.
CAPT. Carl G. Lutz, USN, for Appellee.

Opinion of the Court

PER CURIAM:

Petitioner was tried by Navy special court-martial for two charges of theft in violation of Article 121 of the Uniform Code of Military Justice, 50 USC § 715. He was found guilty of one charge of theft and of wrongful appropriation under the other charge and sentenced to a bad-conduct discharge and confined for 6 months. The con-

vening authority reduced the confinement to 3 months, and a Navy board of review affirmed.

The record discloses numerous errors. The charges were served on the accused on the day of the trial and the record contains no waiver by the accused of his rights under Article 35 of the Code, 50 USC § 606. There was introduced in

438

evidence at the trial, over defense objection, proof of a prior offense of theft which had no relation to the offenses charged. Manual for Courts-Martial, United States, 1951, paragraph 138*g*. Improper procedure was followed in accepting stipulations without obtaining the accused's acquiescence in the stipulation. See Manual for Courts-Martial, United States, 1951, paragraph 154*b* and page 510. The president of the court made no effort to instruct the court on the elements of the offenses charged. See United States v. Clay, (No 49), 1 USCMA 74, 1 CMR 74, decided November 27, 1951. A prior conviction, considered by the court in assessing punishment, was never properly received in evidence. See United States v. Carter, (No 159), 1 USCMA 108, 2 CMR 14, decided January 18, 1952. Finally, the record is replete with hearsay evidence, leading questions, and other deviations from basic rules of evidence and proper procedure.

The numerous errors committed in the trial of this case require reversal and render undesirable any further proceedings. United States v. James, (No 551), 1 USCMA 379, 3 CMR 113, decided May 8, 1952. The petition for review is granted, the decision of the board of review is reversed and the charges are dismissed.

Judge LATIMER did not participate in the decision in this case.