UNITED STATES, Appellee

v.

ADMILES LARRY, Stewardsman, U. S. Navy, Appellant

2 USCMA 415, 9 CMR 45

No. 1896

Decided April 29, 1953

LT COL Kenneth E. Murphy, USMC, for Appellant.
CAPT Wesley C. Blake, USMCR, for Appellee.

PER CURIAM:

This accused stands convicted of absence without leave and assault with a dangerous weapon, violations of Articles 86 and 128 of the Uniform Code of Military Justice, 50 USC §§ 680 and 722. The special court-martial which tried the accused imposed a sentence of bad-conduct discharge and six months' confinement at hard labor. The execution of the discharge was suspended by the supervisory authority.

The record of trial, in the words of the board of review, is "replete with errors," both substantive and procedural. Among others we note the admission into evidence of a document, patently hearsay, purporting to be the medical history of the victim of the assault, apparently introduced for the purpose of proving the extent of the injuries sustained. After findings, evidence of previous convictions was read to the court by trial counsel. No document attesting to such previous convictions was admitted into evidence, nor was any attached to the record of proceedings. Further, we call attention to the court's inadequate treatment of the sanity issue. A medical officer testified that there was a doubt as to the accused's sanity. Thereafter (albeit after the findings), defense counsel made a request for further psychiatric examination. Paragraph 122b, Manual for Courts-Martial, United States, 1951, explicitly sets forth the procedure to be applied in such a situation. These provisions were ignored; the president did not initially determine whether further inquiry as to sanity was necessary; nor, obviously, was the court given the opportunity to pass on the president's ruling. In effect, this accused comes before us without the question of his sanity having been determined. Finally, the president did not instruct the court on the issue of sanity, though such issue was raised by the evidence.

Aside from the errors in the treatment of the sanity issue, the case of United States v. Yerger (No. 122), 3 CMR 22, decided April 7, 1952, is substantially analogous to the one at bar. There, as here, the record contained many errors of law. This Court stated in the Yerger opinion:

"The cumulative effect of the errors discussed above, each prejudicial inherently and in fact to a greater or lesser degree, requires that we set aside the findings in this case. • • • •"

We deem the law set forth in Yerger to be applicable to the instant case. Although the accused here pleaded guilty to the offense of absence without leave, it is clear that the finding cannot stand in view of our holding on the sanity issue. The findings and sentence are set aside and the record is returned to The Judge Advocate General of the Navy for rehearing or other action not inconsistent with this opinion.