UNITED STATES, Appellee

v.

DONALD G. SMITH, Corporal, U. S. Marine Corps; DOYLE D. SMITH, Private First Class, U. S. Marine Corps; GEORGE M. SPILDENER, Private First Class, U. S. Marine Corps, Appellants

3 USCMA 15, 11 CMR 15

No. 1194

Decided July 3, 1953

CDR Malcolm J. Bradbury, USN, and CDR Raymond W. Glasgow, USN, for Appellants.

CDR F. LaMar Forshee, USN, CDR Richard J. Selman, USN, and CAPT Wesley C. Blake, USMC, for Appellee.

PAUL W. BROSMAN, Judge:

Each of the three accused persons in this case was convicted, following trial by general court-martial, under a single specification alleging robbery. Both Smiths were likewise convicted of assault with intent to do bodily harm.[1] Intermediate reviewing authorities have approved the findings, but have effected substantial reductions in the sentences originally imposed. This Court, upon petitions from each accused, has granted further review. Numerous assignments of error have been presented, but, for reasons which will shortly appear, it is necessary that we consider specifically and in detail only those hereafter treated.

## II

Both the board of review and the convening authority observed that the record contains "a plethora ▮▮▮▮ ▮ of hearsay and opinion testimony"—although neither agency attached to this regrettable fact the importance we think required by our opinions in United States v. Yerger (No. 122), 1 USCMA 288, 3 CMR 22, decided April 7, 1952, and United States v. Kellum (No. 408), 1 USCMA 482, 4 CMR 74, decided July 25, 1952. There is no doubt—at least as to the matter of hearsay—that the critical observations of the convening authority and the board of review are sound, nay, inescapable. Several persons who had assisted during the investigation of the offenses alleged were called as witnesses for the prosecution. From the stand, they related at length—and in voluminous and telling detail—what had been said to them in the course of the pretrial investigations, both by the accused and by the victims and other witnesses of the offenses charged. The principal part of this, of course, was hearsay of the rankest sort, and it was a substantial and important part of the prosecution's case. Under Section 168,

Naval Courts and Boards, 1937, "The general rule is that hearsay evidence is not admissible." See United States v. Kellum, supra. This proscription is not—on its face—as rigid as that of paragraph 126a, Manual for Courts-Martial, U. S. Army, 1949, nor of paragraph 139a, Manual for Courts-Martial, United States, 1951, both of which state plainly, even explicitly, that hearsay is *not competent evidence*. However, this difference in wording is not—to our minds—of any sort of significance, for the roots of each statement rest in the same soil. Indeed, this is not a case involving the minor or isolated receipt of hearsay evidence. Rather it is an instance of the use of the extensive and damaging variety we reviewed and condemned vehemently in the Yerger case, as well as in the Kellum case. In fact, much of the hearsay present in the instant case was precisely of the sort found in Kellum. In short, it repeated and reiterated—and *in advance of their appearance during the hearing*—what other witnesses had said before trial—and at about the time the offenses were committed. In the words of Judge Latimer, the organ of the Court in the Kellum case, this constituted a "confirmation of condemning testimony by unsworn statements."

Our decision in Yerger made plain that such error is "prejudicial inherently and in fact," so as to require reversal. It is urged that defense ▮▮▮▮▮ ▮ counsel's failure at the trial to object to the receipt of this hearsay evidence bars consideration of the matter on appeal. We have been able to find no provision either in The Articles for the Government of the Navy, or in Naval Courts and Boards, 1937, requiring objection as a condition precedent to subsequent consideration of asserted errors in the receipt of evidence. This is understandable enough when one remembers that there was no provision for appeal—as

---

1. Since the offenses were committed and trial commenced prior to the effective date of the Uniform Code of Military Justice, both charges were laid under Article 22, Articles for the Government of the Navy, 34 USC § 1200, Art 22(a), and the trial was governed by the provisions of Naval Courts and Boards, 1937.

we now know it—under those statutes, orders and regulations. The ends of justice would not be well served in this case were we to hold waived the error in admitting hearsay evidence in the quantity and under the circumstances involved.

### III

We are not, however—as we said in Yerger—content to rest our decision upon this clear and specifically prejudicial error. The record reflects in addition the obvious and ■■■■■■ ■ repeated use of leading questions by the Government during direct examination, and the frequent reception of opinion evidence—conclusory statements of the broadest sort. Separate consideration of the numerous instances of these errors is unnecessary and would unduly extend this opinion. Suffice it to say that the record demonstrates a flagrant disregard of the most elementary rules of evidence and orderly trial procedure.

In United States v. Yerger, supra, we used the following language, which is repeated here because of its direct application to the unfortunate situation before us now:

". . . Isolated and minor errors in receiving hearsay testimony and using leading questions appear in many criminal trials, both civilian and military, and ordinarily such deviations from proper procedure would not be substantially prejudicial and hence would not concern us as an appellate court. 'We must guard against the magnification on appeal of instances which were of little importance in their setting.' Glasser v. United States, 315 US 60, 83, 86 L ed 680, 706, 62 S Ct 457. But such is not the situation here. Repeated violations of fundamental rules of evidence, conceived at least partially for the protection of the accused, cannot be condoned.

"The cumulative effect of the errors discussed above, each prejudicial inherently and in fact to a greater or lesser degree, requires that we set aside the findings in this case. United States v. Donnelly, 179 F2d 227, 233 (CA 7th Cir); United States v. Wicoff, 187 F2d 886, 891 (CA 7th Cir). In the words of Mr. Justice Rutledge, we '. . . cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, . . . .' Kotteakos v. United States, 328 US 750, 765, 90 L ed 1557, 66 S Ct 1239, . . . ."

### IV

In the progress of this case through the avenues of appellate review, we cannot fail to note that the action of the convening authority is dated June 20, 1951, and it was not until April 18, 1952, that the Board of Review published its short-form decision. Though our own house may not be entirely free of glass, we are constrained to observe that the fair and orderly administration of justice is hampered by such dilatory reviewing action.

For the reason stated, the decision of the Board of Review is reversed and a rehearing ordered.

Chief Judge QUINN and Judge LATIMER concur.