UNITED STATES, Appellee

v.

LEROY RANDALL, JR., Basic Airman, U. S. Air Force, Appellant

5 USCMA 535, 18 CMR 159

COL A. W. Tolen, USAF, and CAPT Lee C. Norris, USAF, for Appellant.
LT COL Emanuel Lewis, USAF, and MAJ Stanley I. Harper, USAF, for
Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

The accused, Randall, was tried by an Air Force special court-martial under two specifications alleging the willful disobedience of a superior noncommissioned officer, in violation of the Uniform Code of Military Justice, Article 91, 50 USC § 685; and under another alleging the use of disrespectful language toward an Air Police sergeant in the execution of his office, in violation of Article 134 of the Code, 50 USC § 728.

He was convicted of the disrespect charged, and under one specification of willful disobedience—and was sentenced to receive a bad-conduct discharge, as well as to six months' confinement and partial forfeitures for a like period. The convening authority disapproved the findings of guilty of disrespect and suspended the bad-conduct discharge, but otherwise approved the sentence. With minor modifications, the remaining findings, and the sentence, have been affirmed by subsequent authorities.

The record of trial is, however, nothing less than a tragedy of errors. We advert to the more flagrant ones only: (1) improper references by the court-martial's president and by Government witnesses to other offenses not charged; (2) reception of the rankest sort of hearsay; (3) obvious and repeated use of leading questions by trial counsel during direct examination; (4) rulings by the president which improperly restricted defense counsel in the use of such questions during cross-examination; and (5) the occurrence of two private in-court colloquys between the president and trial counsel.

The cumulative effect of these errors requires reversal. United States v. Yerger, 1 USCMA 288, 3 CMR 22. Indeed, the admission of hearsay evidence in the quantity and under the circumstances involved here, and the flagrant use of leading questions by Government counsel, would themselves demand a rehearing. United States v. Smith, 3 USCMA 15, 11 CMR 15. Accordingly, the decision of the board of review is reversed and a rehearing ordered.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring):

I concur.

Laying aside the mass of irregularities ofttimes found in a special court-martial trial, I can found my concurrence on one error which materially prejudiced the accused. He took the stand as a witness on the merits and disputed the sergeant's version of his refusal to disclose his name. The credibility of the two was thus of prime importance to the court. The improper references to his having been suspected of the commission of other offenses unfairly diminished his credibility. The board of review mentioned this error but misunderstood its effect. Apparently in its view, the error was cured by the action of the convening authority in disapproving the conviction of disrespect. As I see it, the impairment of accused's credibility cannot be narrowed to one specification. If he was prejudiced on one charge, and I conclude he was, then he was prejudiced on all those where his truth and veracity must be weighed.