## UNITED STATES, Appellee

v

## MORRLIN L. WILLIAMS, Private, U. S. Marine Corps, Appellant

### 8 USCMA 328, 24 CMR 138

No. 9699

Decided October 25, 1957

*Commander Charles Timblin,* USN, argued the cause for Appellant, Accused.

*First Lieutenant Daniel P. Reardon, Jr.,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Commander Guilbert W. Martin,* USN.

### Opinion of the Court

HOMER FERGUSON, Judge:

This case should never have been before this Court. It is incomprehensible to us how, at this late date, after the enactment of the Uniform Code of Military Justice, a record of trial containing such a plethora of errors as found in the instant case could have proceeded unscathed through the staff legal officer, the convening authority, and the board of review. Over five years ago in one of our early cases, we had occasion to remark that:

"It is not this Court alone that is endowed by Congress with responsibility for insuring that courts-martial are conducted in accordance with required procedures. The reforms intended by the Uniform Code of Military Justice will not be carried out until officers concerned with ordering, conducting and reviewing courts-martial observe scrupulously their duties and responsibilities under the Code ·and the Manual." [United States v James, 1 USCMA 379, 3 CMR 113.]

This case convinces us that our admonition has not always been heeded.

A Marine special court-martial—in which participating counsel were non-lawyers—convicted the accused of failing to obey a lawful general order and wrongfully making, with intent to deceive, an Armed Forces Identification Card, in violation of Articles 92 and 134, respectively, of the Uniform Code of Military Justice, 10 USC §§ 892, 934. The adjudged sentence of punitive discharge, partial forfeitures, and confinement was mitigated by the convening authority and the findings and sentence were subsequently affirmed by a board of review without opinion.

328

Among the more serious issues upon which review was granted by this Court were the following:

1. Whether there is sufficient evidence to sustain the findings of guilty.

2. Whether the search of the accused was legal.

3. Whether trial counsel's remarks about the accused's failure to testify was error to the prejudice of the accused.

4. Whether the president was correct in sustaining the objection to the question asked by defense counsel on cross-examination of the investigator.

5. Whether the maximum sentence for the offense alleged in Charge 1 is controlled by the provisions of Footnote 5.

In addition to these issues, the record of trial—comprising less than thirty pages—is replete with hearsay statements and questionable departures from elementary rules of evidence and procedure.

All the issues enumerated contain substantial merit. As to the third issue granted, the Government took the position that although trial counsel's remarks were "unfortunate," "ill-fated," "misunderstanding," "improper," and "inartful,"—"a manifest miscarriage of justice" had not taken place. For all practical purposes the Government conceded the validity of the error raised in the fourth issue, although contending "that the same result would have occurred" had there been no error. On the fifth issue, there is an outright concession of error with the Government maintaining, however, that such error "raises a question solely of academic interest."

It would serve no useful purpose to individually discuss in detail the various errors raised. It will suffice to say that the cumulative effect of the errors raised "each prejudicial inherently and in fact to a greater or lesser degree, requires that we set aside the findings in this case." United States v Yerger, 1 USCMA 288, 3 CMR 22. Accord, United States v Larry, 2 USCMA 415, 9 CMR 45; United States v Smith, 3 USCMA 15, 11 CMR 15; United States v Randall, 5 USCMA 535, 18 CMR 159. We are therefore constrained to conclude that the errors found in the instant record are of such quantity and quality as to warrant reversal of the conviction and dismissal of the charges. United States v James, supra; United States v Perna, 1 USCMA 438, 4 CMR 30. The same is hereby ordered.

Chief Judge QUINN and Judge LATIMER concur.