UNITED STATES, Appellee

v

EVERETT F. FISHER, Private First Class,
U. S. Marine Corps, Appellant

8 USCMA 396, 24 CMR 206

No. 10,428

Decided November 8, 1957

*Commander David Bolton,* USN, was on the brief for Appellant, ·Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

In the recent case of United States v Williams, 8 USCMA 328, 24 CMR 138, we began our opinion with the following remarks:

"This case should never have been before this Court. It is incomprehensible to us how, at this late date, after the enactment of the Uniform Code of Military Justice, a record of trial containing such a plethora of errors as found in the instant case could have proceeded unscathed through the staff legal officer, the convening authority, and the board of review. Over five years ago in one of our early cases, we had occasion to remark that:

'It is not this Court alone that is endowed by Congress with responsibility for insuring that courts-martial are conducted in accordance with required procedures. The reforms intended by the Uniform Code of Military Justice will not be carried out until officers concerned with ordering, conducting and reviewing courts-martial observe scrupulously their duties and responsibilities under the Code and the Manual.' [United States v James, 1 USCMA 379, 3 CMR 113.]

This case convinces us that our admonition has not always been heeded."

It is distressing to us that we should so soon be required to re-echo these sentiments.

The accused Marine was convicted by special court-martial of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and sentenced to a bad-conduct discharge, partial forfeitures, and confinement at hard labor for six months. The special court convening authority, in promulgating his action, called attention to five substantial errors committed at trial. He commented that additional legal schooling for members and counsel "should alleviate recurrence in future courts." It was concluded, however, that the errors noted were not prejudicial "considering the admissable [sic] competent testimony of all witnesses and the accused." Pursuant to Article 65(b), Uniform Code of Military Justice, 10 USC § 865, the record of trial was forwarded to the officer exercising general court-martial jurisdiction over the command. At the general court-martial level the record was reviewed by the acting staff legal officer. However, he, too, concluded that errors and irregularities did not prejudice the substantial rights of the accused.

The case was subsequently presented to a board of review pursuant to Article 66(b), 10 USC § 866, and appellate counsel, pursuant to the accused's request, was appointed to represent the accused. On March 6, 1957, appellate defense counsel "[a]fter review of the record of proceedings," filed a document entitled "Waiver of Argument" which submitted the case for the board of review's consideration "without assignment of errors or brief, electing to stand on the record." On the same day appellate Government counsel filed a "Reply" which stated that in view of the above waiver, the Government rested its case on the record and waived oral argument. On the following day the board published its decision which is set forth below in its entirety:

"The findings of guilty and sentence as approved on review below are affirmed."

Pursuant to Article 67(c), Uniform Code of Military Justice, 10 USC § 867, the accused petitioned this Court for grant of review and requested The Judge Advocate General of the Navy to appoint appellate counsel to represent him. The petition was subsequently filed in this Court. Appointed defense counsel urged the following errors for our consideration:

1. Whether repeated violations of fundamental rules of evidence by admission of hearsay evidence and use of leading questions materially prejudiced the accused (United States v Yerger, 1 USCMA 288, 3 CMR 22).

2. Whether the accused was materially prejudiced by inadequate representation by appointed trial defense counsel.

3. Whether the evidence as to value was sufficient to support the finding.

4. Whether the accused was prejudiced by failure to instruct on the issue of intoxication.

5. Whether the accused was materially prejudiced by failure of the president to instruct on wrongful appropriation.

6. Whether the convening authority erred in approving the sentence, after determining that the confession obtained by Sergeant Haines was involuntarily obtained as there was no showing of compliance with Article 31.

7. Whether it was error for the president to fail to instruct on the issue of voluntariness of the confessions.

8. Whether the accused was prejudiced when the trial counsel to the special court-martial presented as legal authority that portion of paragraph 200*a* (6), of the Manual which states that a person may be guilty of larceny even though he intends to return the property "ultimately."

Each and every error assigned presents a substantial question of law. Government counsel filed in this Court a form reply to the petition contending that under the provisions of Article 67(b) (3),[1] supra, "No good cause having been shown for the Petition for a Grant of Review, the same should be denied."

We granted the accused's petition to determine whether the record of trial shows cumulative error.

We are not unmindful of the serious limitations placed upon special court-martial counsel who are nonlawyers due to their lack of experience and judicial training. It is not our intention to admonish them for the manner in which this trial was conducted. We can only hope that the suggestion of the special court authority that an educational program which will prevent recurrence in future courts will soon materialize.

We are, however, disturbed by an apparent tendency at the higher appellate levels to give only "pro forma" attention to the records of trial of inferior courts. Possibly the situation is due to an inadequate percentage of qualified professional personnel, and consequently the services are at a disadvantage in processing their court-martial cases. It is quite possible that the shortage of legally trained personnel particularly in the Navy is so great that the few are just physically unable to carry the heavy burden. Nevertheless, we must insist that the same careful attention be given to the inferior courts-martial records especially when a punitive discharge is imposed as is accorded the records of general courts-martial. A punitive discharge imposed by a special court separates the accused from the service just as effectively as does one imposed by a general court-martial; a period of confinement at hard labor adjudged by a special court is not different from the same period imposed by a general court. It is not a compliment to the system of military justice that the highest appellate court should be called upon by an accused to correct as many errors as appear in this record.

It would be virtually impossible for this Court to accomplish the laudable objectives intended by Congress in enacting the Uniform Code of Military

[1] "Art. 67. Review by the Court of Military Appeals

• • • • •

"(b) The Court of Military Appeals shall review the record in—

• • • • •

"(3) all cases reviewed by a board of review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review."

Justice, without the competent, intelligent, and wholehearted assistance of everyone who is connected in any way with military justice. The job is simply too big to be done by this Court alone. Reposing the highest confidence in the members of the military charged with the responsibility of supervising military justice both at trial and appellate levels, we hope that the deplorable conditions found in this case will soon be abated.

In view of the cumulative effect of the various errors assigned, "each prejudicial inherently and in fact to a greater or lesser degree," the findings and sentence must be set aside. United States v Yerger, 1 USCMA 288, 3 CMR 22; United States v Randall, 5 USCMA 535, 18 CMR 159; United States v Smith, 3 USCMA 15, 11 CMR 15; United States v Larry, 2 USCMA 415, 9 CMR 45. The charges are ordered dismissed. United States v Williams, supra; United States v James, 1 USCMA 379, 3 CMR 113; United States v Perna, 1 USCMA 438, 4 CMR 30.