UNITED STATES, Appellee

v

JAMES P. MULVEY, Fireman Apprentice,
U. S. Navy, Appellant

10 USCMA 242, 27 CMR 316

No. 12,501

Decided February 20, 1959

Commander Charles Timblin was on the brief for Appellant, Accused.
Commander Craig McKee was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was convicted by special court-martial of three specifications of assault and one of unlawful entry, in

violation of Articles 128 and 134 of the Uniform Code of Military Justice, 10 USC §§ 928 and 934. The Article 134 offense was disapproved by the officer exercising general court-martial jurisdiction who then suspended the bad-conduct discharge and approved the remainder of the sentence of partial forfeitures and confinement at hard labor for six months, and reduction in rating. A board of review disapproved one of the assaults and affirmed only so much of the sentence as provided for partial forfeitures, confinement at hard labor for five months, and reduction in rating.

While various claims of error are raised, we need go no further than the depositions which constituted the major portion of the prosecution case. In regard to these depositions, the staff legal officer noted:

"The principal difficulties with the present depositions are as follows:

a. They are taken by trial counsel not by a third officer designated for the purpose.

b. There is no express showing that the witnesses were requested to appear and did not (6)—or that they were unavailable because of operations (4) (5). Each deposition states that the witness was unable to sign due to operational committments [sic]—but the record is silent as to what those committments [sic] were.

c. Interrelated with foregoing is the absence of a date or dates on which the depositions were taken (4).

d. There is no showing that the reporter was sworn.

e. It is inescapably implied that an interpreter was employed—there is no showing that he was sworn (4).

f. The form of oath administered witnesses is not disclosed (4).

g. The witnesses did not sign the depositions (4)."

The staff legal officer concluded that the accused was not prejudiced thereby, relying largely upon the doctrine of waiver. This Court, however, has been extremely reluctant to find waiver in a special court-martial case where the accused is represented by a nonlawyer. See United States v Moore, 4 USCMA 675, 16 CMR 249; United States v Williams, 8 USCMA 443, 24 CMR 253; United States v Anderson, 8 USCMA 603, 25 CMR 107; United States v Hill, 9 USCMA 10, 25 CMR 272.

Defense counsel objected to the use of the depositions at trial because several deponents were present together at the taking of the depositions and apparently heard the answers given by others before giving their own depositions. This Court, without discussing other possible "difficulties" with the depositions, finds them inadmissible because compliance with the provisions of the Uniform Code of Military Justice is not shown. Article 49(d), Uniform Code, supra, 10 USC § 849, provides:

"A duly authenticated deposition taken upon reasonable notice to the other parties, so far as otherwise admissible under the rules of evidence, may be read in evidence before any military court or commission in any case not capital, or in any proceeding before a court of inquiry or military board, if it appears—

(1) that the witness resides or is beyond the State, Territory, Commonwealth, or District of Columbia in which the court, commission, or board is ordered to sit, or beyond 100 miles from the place of trial or hearing;

(2) That the witness by reason of death, age, sickness, bodily infirmity, imprisonment, military necessity, nonamenability to process, or other reasonable cause, is unable or refuses to appear and testify in person at the place of trial or hearing; or

(3) that the present whereabouts of the witness is unknown."

In United States v Stringer, 5 USCMA 122, 17 CMR 122, we said that Article 49(d)(1), supra, did not apply where the court-martial was sitting in France, restricting the applicability of "State, Territory, . . . or District" to geographic areas within the United States and its territorial possessions.

**243**

In that case the witness resided at the time of the deposition within 100 miles of the locus of the court-martial. The instant case is silent as to the applicability of the 100 mile provision. In *Stringer, supra,* Article 49(d)(3) was found inapplicable because it was presumed the witness continued to reside at the place where she resided when the deposition was taken. Her whereabouts, therefore, were not unknown. Similar considerations in the instant case limit our search for compliance to the provisions of Article 49(d)(2). There is no showing in the record of any inability or refusal of the witnesses, for any of the reasons stated in that Article, to appear at the trial and testify in person. The depositions then are inadmissible. United States v Stringer, supra; see also United States v Miller, 7 USCMA 23, 21 CMR 149, and United States v Dyche, 8 USCMA 430, 24 CMR 240. The record of trial reflects that trial was held on the U. S. S. FREMONT, but nothing appears as to the physical location of the ship. Trial counsel did indicate that the depositions would be read in lieu of presenting witnesses who "because of the operational committments [sic] of this ship" were not present. Perhaps, as the staff legal officer suggests in his review, the court-martial could have taken judicial notice of their location but they did not do so. There appears no explanation of what the "operational commitments" of the ship were. It is not the function of the appellate authorities to hypothesize or guess as to what occurred. The record of trial is thus silent as to compliance with the statutory requirements traditionally adhered to strictly by this Court. As we said in United States v Valli, 7 USCMA 60, 21 CMR 186:

". . . We have upheld the right of Congress to authorize [use of depositions] . . . but we have appreciated that for the most part they are tools for the prosecution which cut deeply into the privileges of an accused, and we have, therefore, demanded strict compliance with the procedural requirements before permitting their use."

Without the depositions, there is no evidence of record showing the commission of the alleged offenses by the accused. Other than the depositions, two witnesses testified, one an alleged "expert witness" who testified he treated the accused for a wound on his heel and ankle and was permitted to express the opinion that the wound could have been caused by broken glass. The sole remaining witness was a Lieutenant Commander Gaskin, who had been appointed as senior member of the court but was listed as absent. His testimony consisted largely of a hearsay account of what accused said in the shore patrol office and when interviewed by the Italian police.

Other allegations of error urged by appellate defense counsel are:

(1) That the court-martial committed prejudicial error by failing to sustain appellant's challenge for cause against a member who allegedly remarked that if he had anything to do with the case, he would see the accused hung.

(2) That the court-martial committed prejudicial error by receiving into evidence as prosecution exhibits 2, 8, 9, and 10, *ex parte* hearsay diagrams and documents.

(3) That the president's instructions on the elements of the offenses were prejudically inadequate.

As noted earlier, it would serve no useful purpose to prolong this opinion by consideration of these and other possible errors. As we said in United States v Williams, 8 USCMA 328, 24 CMR 138:

". . . [T]he errors found in the instant record are of such quantity and quality as to warrant reversal of the conviction."

The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge QUINN concurs.

Judge LATIMER concurs in the result.