UNITED STATES, Appellee

v

KENNETH B. BIGELOW, Constructionman Driver, Third Class, U. S. Navy, Appellant

11 USCMA 527, 29 CMR 343

No. 13,700

Decided June 17, 1960

*Lieutenant Commander Roland Wm. Coffey,* USNR, argued the cause for Appellant, Accused.

*Captain Warren C. Kiracofe,* USN, argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A Navy general court-martial convened at the United States Naval Base, Subic Bay, Philippines, convicted the accused of larceny of Government property of a value in excess of $1,500.00, and imposed a sentence which included a punitive discharge and confinement at hard labor for eighteen months. The convening authority approved the find-

ings of guilty but modified the sentence. Thereafter a board of review affirmed the conviction, without opinion. The accused then petitioned this Court for review and we granted the petition to consider whether he was prejudiced by errors in the record of trial.

At the very beginning of the five-day trial, defense counsel objected vigorously to trial counsel's practice of asking leading questions and questions which assumed facts not in evidence. After one such objection was sustained by the law officer, trial counsel said: "This is highly ridiculous." Defense counsel moved for a mistrial on the ground that trial counsel's remark reflected adversely upon defense counsel and the rulings of the law officer. The law officer denied the motion; directed trial counsel to refrain from such remarks; and instructed the court members that they were "to accept the rulings of the law officer" and to understand that there were reasons for the objections by both sides. Nevertheless, leading and otherwise objectionable questions were continuously asked by trial counsel. By the end of the first day of trial, defense counsel moved the law officer to direct trial counsel specifically not to ask leading questions. The law officer admonished trial counsel. Trial counsel's reply was as follows: "Mr. Law Officer, I'll do my best, but I think the objections are excessive, to my questions." Still he continued the practice throughout the trial.

One of the most strongly contested issues was the identification of the articles allegedly stolen from the warehouse. Over defense objection a great deal of confusing testimony was admitted which related to an inventory purportedly prepared by a civilian employee of a civilian firm before the warehouse was taken over by the Navy, which was not admitted in evidence. The law officer himself conceded that the trial was proceeding "more and more . . . [on the basis of] evidence which is not in evidence yet." The matter was further confused and complicated by interruptions of defense counsel's cross-examination of a material witness for the presentation of additional prosecution testimony. That

confusion appeared to be the text for the trial is evident from a comment by trial counsel during cross-examination of the accused, who testified on the question of the admissibility of a pretrial statement made by him. Defense counsel interposed numerous objections to questions asked by trial counsel. At one point, trial counsel expostulated against the objections. He said that he "would like to confuse this witness."

The law officer added considerably to the confusion by his rulings and his instructions to the court members. As to the former, the following is a representative comment made in the presence of the court members:

"LAW OFFICER: In line with an out-of-court hearing, I wish we could (pauses) . . . we are still faced with the problem of talking about material not in evidence, and I think it would be a much more orderly record and much more coherent record if we could (pauses) . . . that which is admissible were in admission."

In all, appellate defense counsel has presented nine assignments of error which he contends are sufficient in substance and number to show that the accused was denied a fair trial. Without agreeing with all of counsel's argument, our review of the record of trial convinces us that the trial proceedings were so confusing as to justify a new trial. What the staff legal officer said on the post-trial review can appropriately be repeated here.

"The evidence in this record is enmeshed in objections, interruptions and continuous colloquy between the law officer and counsel. The evidence accounts for a small part of this record. Only on rare occasions were the law officer or counsel permitted the common courtesy of completing a statement without interruption by someone. The case was vigorously contested throughout but that is all the more reason for the law officer to see to it that the trial is orderly conducted. When and how long to take a recess was, on some occasions, a monumental decision. And at around ten o'clock one night of the trial, the matter of a continuance

rambled on for ten pages of the record. The president's counsel was sought, and his influence appears to have been felt, in decisions on continuances. The law is now settled that the law officer has this responsibility himself. The incessant extending of invitation by law officer to this one and that one in the courtroom as to their ideas on recalling witnesses, recesses, and continuances prolongs the decision but does not enhance its quality. The decision should be made after counsel for both sides are given an opportunity to be heard."

The decision of the board of review is reversed and the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

Judge LATIMER concurs in the result.