UNITED STATES, Appellee

v

JOSEPH J. WILLIAMS, JR., Airman Apprentice, U. S. Navy, Appellant

12 USCMA 376, 30 CMR 376

No. 14,687

Decided April 28, 1961

*Lieutenant Colonel M. G. Truesdale*, USMC, argued the cause for Appellant, Accused. With him on the brief was *Commander John S. Lane*, USNR.

*Lieutenant Harold J. Wallum,* USNR, argued the cause for Appellee, United States. With him on the brief was *Commander Louis L. Milano,* USN.

## Opinion of the Court

HOMER FERGUSON, Judge:

This is a special court-martial case in which Airman Apprentice Joseph J. Williams, Jr., United States Navy, was tried upon charges of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886; four specifications of failure to obey a lawful order, in violation of Code, supra, Article 92, 10 USC § 892; one specification of dereliction of duty, in violation of the same Article; two specifications of making false official statements, in violation of Code, supra, Article 107, 10 USC § 907; and a charge of impersonating a petty officer, in violation of Code, supra, Article 134, 10 USC § 934. He was found guilty of the unauthorized absence; three violations of a lawful order; dereliction of duty; one specification of making a false official statement, with exceptions and substitutions; and impersonating a petty officer, also with exceptions and substitutions. The court-martial sentenced accused to bad-conduct discharge, forfeiture of $55.00 per month for four months, confinement at hard labor for four months, and reduction to the grade of airman recruit.

The convening authority approved the sentence. The officer exercising general court-martial jurisdiction set aside the findings of guilty of unauthorized absence but found the adjudged sentence to be appropriate. The board of review, without preparing an opinion, affirmed the remaining findings of guilty and the sentence.

Appellate defense counsel, other than the officer who appeared on the accused's behalf before this Court, filed a petition for grant of review in which no error was specified and the case submitted "on the record." We granted the petition in the form in which it was received.

Since our grant, new counsel appointed to represent the accused before this Court has briefed and argued a number of errors ranging from the insufficiency of evidence to establish accused's guilt through a failure to comply with the terms of Code, supra, Article 31, 10 USC § 831. In addition, we note the receipt of testimony on the merits to the effect that accused's superior had "been dissatisfied with him in an official capacity about 75% of the time" and innumerable instances of hearsay. Needless to say, all of these issues should have been apparent to the parties during appellate proceedings before the board of review and the preparation of the petition for review. See Rule 18, Rules of Practice and Procedure, United States Court of Military Appeals, January 1, 1959. We need not, however, dwell upon the failure of counsel and the board of review to take action with respect to the matters now before us. Suffice it to say that closer attention paid to the record at a lower level by all concerned would have eliminated the necessity that we hear this case. See United States v James, 1 USCMA 379, 3 CMR 113.

Our scrutiny of the record in the light of the briefs and arguments of present appellate counsel establishes the existence of numerous errors, "each prejudicial inherently and in fact to a greater or lesser degree" and cumulatively requiring reversal. United States v Yerger, 1 USCMA 288, 3 CMR 22; United States v Williams, 8 USCMA 328, 24 CMR 138; United States v Tucker, 9 USCMA 587, 27 CMR 367. As was noted in United States v Williams, supra, extended discussion of these matters would serve no useful purpose. We are, however, constrained to reverse and dismiss the charges. United States v James, supra.

The decision of the board of review is reversed and the charges are ordered dismissed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I concur with the views expressed

**377**

in the Court's opinion but disagree with the order of dismissal. The accused has three previous convictions and this case involves six separate offenses. Under those circumstances I would permit a rehearing if practicable.