UNITED STATES, Appellee

v

PHILLIP J. EXPOSITO, Hospitalman, U. S. Navy, Appellant

13 USCMA 169, 32 CMR 169

*Lieutenant Colonel M. G. Truesdale,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel J. E. Stauffer,* USMC.

*Lieutenant Harry Lee Hall,* USN, argued the cause for Appellee, United States. With him on the brief was *Captain James W. Grant,* USN.

## Opinion of the Court

KILDAY, Judge:

This case arises from a rehearing, held on August 21, 1961, before a special court-martial convened at Camp Pendleton, California. At that proceeding the accused—a Navy hospitalman who served as driver for one of the dispensaries at that Marine Corps installation—was convicted of wrongful appropriation of less than $50.00 but more than $20.00 in currency, and wrongful appropriation on or about April 16, 1961, of a Government vehicle, a Marine Corps Chevrolet pickup truck, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, forfeiture of $70.00 per month for six months, confinement at hard labor for six months, and reduction to the grade of hospitalman recruit.

We granted the petition for review to consider whether accused was prejudiced by errors in the record of trial. Since no issue was raised as to the conviction for wrongful appropriation of currency, we limited our review to the testimony and evidence introduced relative to the wrongful appropriation of a Government vehicle.

That portion of the record of trial is replete with errors, both substantive and procedural and confusing, as well. Among the errors, the most notable was the admission into evidence of the complete investigative report of Sergeant Yancey of the shore patrol.

The admission of this report was patently erroneous and highly prejudicial to the accused.

Paragraph 144d, Manual for Courts-Martial, United States, 1951, correctly sets forth the rule of evidence in this regard:

"Neither the official record nor the business entry exception to the hearsay rule renders admissible in evidence writings or records made principally with a view to prosecution, or other disciplinary or legal action, as a record of, or during the course of an investigation into, alleged unlawful or improper conduct. Thus neither the report of an investigating officer nor an accompanying summary of the testimony of a witness on a preliminary investigation of a charge is competent evidence of the truth of the facts therein stated."

See also United States v Webb, 12 USCMA 276, 30 CMR 276.

In addition, a considerable portion of the testimony of the prosecution witness who "saw the [April 14th] master log" for the base motor pool was questionable. He had made none of the entries himself and there was no evidence that he was on duty on the day in question, and his incriminatory testimony was later found to be inaccurate when the log itself was introduced by the defense.

Also, accused was taken into custody because, although he had a trip ticket, it

"didn't coincide with the vehicle he was driving therefore he did not have a trip ticket for the trip." However, the chief dispatcher testified that the accused may have taken the wrong vehicle by mistake.

Further, if the dispatcher's log for April 14th is to be believed, then the vehicle assigned to accused was driven 310 miles in barely more than three hours.

This Court has been constrained on numerous occasions to reverse convictions because of the effect of cumulative errors found in the record of trial. United States v Yerger, 1 USCMA 288, 3 CMR 22; United States v James, 1 USCMA 379, 3 CMR 113; United States v Perna, 1 USCMA 438, 4 CMR 30; United States v Larry, 2 USCMA 415, 9 CMR 45; United States v Smith, 3 USCMA 15, 11 CMR 15; United States v Williams, 8 USCMA 328, 24 CMR 138; United States v Tucker, 9 USCMA 587, 26 CMR 367; United States v Mulvey, 10 USCMA 242, 27 CMR 316; United States v Bigelow, 11 USCMA 527, 29 CMR 343; United States v Williams, 12 USCMA 376, 30 CMR 376. This case, too, presents such a situation.

Our decision in no way affects accused's conviction of wrongful appropriation of currency.

In view of accused's confinement from May 8 to July 25 under his original conviction, which was set aside by the board of review because of an instructional error, and his subsequent confinement under this conviction, he has, in all likelihood, completed serving the adjudged sentence of six months. In the interest of substantial justice and, since the properly admitted evidence of record is insufficient to sustain a conviction, the specification pertaining to the motor vehicle is dismissed. United States v James; United States v Perna; United States v Williams; United States v Tucker; United States v Williams, all supra. The case may be returned to a board of review for reassessment of the sentence on the remaining finding.

Accordingly, the decision of the board of review is reversed and this case is returned to The Judge Advocate General of the Navy for action not inconsistent with this opinion.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

In my opinion, there is substantial independent, competent evidence to show wrongful appropriation of the motor vehicle. This evidence and the accused's confession, which was properly admitted, compellingly establish that the accused took the vehicle from Camp Pendleton on a Sunday night without proper authority and went to San Diego. Consequently, the other evidence referred to in the majority opinion is merely cumulative and did not prejudice the accused in any way. United States v Ledlow, 11 USCMA 659, 29 CMR 475; United States v Johnson, 9 USCMA 178, 25 CMR 440.

I would, therefore, affirm the decision of the board of review.