UNITED STATES, Appellee

v

RAYMOND K. WINTERS, Private First Class,
U. S. Marine Corps, Appellant

13 USCMA 454, 32 CMR 454

No. 16,533

February 8, 1963

*Lieutenant Colonel Charles B. Sevier,* USMC, was on the brief for Appellant, Accused.

*Commander John D. Moroney,* USN, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

At his trial by special court-martial, the accused pleaded guilty to a specification alleging an unauthorized absence for twenty minutes, and not guilty to five specifications of larceny. After the accused's plea, the Government admitted in open court that it had no "competent evidence" as to one of the specifications of larceny, and that specification was dismissed. The trial proceeded, and the court-martial convicted the accused of the other offenses charged. It imposed the maximum sentence allowed by law. On review before the board of review, accused's appellate counsel urged a number of errors. These were considered at length by the board of review. It dismissed one of the larceny counts for an instructional error and determined that modification of the sentence would eliminate any prejudice resulting from the other errors.

We are constrained to disagree with the decision of the board of review. In addition to the errors noted by the board of review, there is substantial prejudicial hearsay. Thus, one of the alleged victims was permitted to testify to a statement made to him by a third person to the effect that he saw the accused "going through . . . [the victim's] sea bag." He was also permitted to testify that another victim of accused's purported thefts "went down and told the Duty NCO that he had found" his property in the accused's sea bag. A reading of the record of trial, leaves one with the conviction that the number and variety of errors deprived the accused of a fair trial. See United States v Williams, 8 USCMA 328, 24 CMR 138. Although the accused entered a plea of guilty to the unauthorized absence charge, that offense is so minor in relation to the others that we may also appropriately set aside the findings thereon. See United States v Thornton, 8 USCMA 57, 23 CMR 281.

The decision of the board of review is reversed, and the findings of guilty and the sentence are set aside. A rehearing may be ordered.